UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:

**05 10810 MEL**

| | |
|---|---|
| HENRY F. OWENS III, ) <br> **Plaintiff** ) <br> ) <br> v. ) <br> ) <br> EDWARD JOHNSON ) <br> AND JOHNSON'S BOAT ) <br> WORKS, INC. ) <br> **Defendants** ) <br> _____ ) | RECEIPT # 63732 <br> AMOUNT $ 250.00 <br> SUMMONS ISSUED ā <br> LOCAL RULE 4.1 — <br> WAIVER FORM — <br> MCF ISSUED — <br> BY DPTY. CLK. M.P. <br> DATE 4/22/05 |

## PLAINTIFF'S COMPLAINT AND CLAIM FOR TRIAL BY JURY

The Plaintiff, by his attorneys, Denner O'Malley, LLP, complaining of the Defendants, respectfully alleges:

MAGISTRATE JUDGE **JLA**

### PARTIES

1.  The Plaintiff, Henry F. Owens III ("hereinafter "Owens"), is a resident of 51 Gunning Point Avenue, Falmouth, Barnstable County, Commonwealth of Massachusetts.

2.  The Defendant, Johnson's Boat Works, Inc. (hereinafter " JBW"), is a Rhode Island corporation with its principal place of business at 1128 Narragansett Boulevard, Cranston, State of Rhode Island.

3.  The Defendant, Edward Johnson (hereinafter "Johnson"), is the President of Johnson Boat Works, Inc., with a principal place of business at 1128 Narragansett Boulevard, Cranston, State of Rhode Island. Upon information and belief, Johnson is a

resident of the State of Rhode Island.

4.  The records of the Corporations Division of the Rhode Island Secretary of States Office indicate that the State Rhode Island revoked JBW's Corporate Status for failure to file an annual report, effective November 3, 2004. The records of the Corporations Division do not reflect a revival or application otherwise reviving the revoked corporation, consequently wherein all of the liabilities, obligations, and performance of such corporation are succeeded by the shareholders, officers, and directors.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332, for the reason of diversity of citizenship among the Plaintiff and Defendants and because the amount in controversy exclusive of interest and costs, exceeds $75,000.00.

6.  Venue is proper in this Court under 28 U.S.C. § 391(b) since the Plaintiff is situated in this District, and the events and/or omissions giving rise to this action occurred in this District.

## STATEMENT OF FACTS

7.  In or about February, 2003 at the Boston Boat Show in Boston, Massachusetts Plaintiff Owens and Defendant Johnson entered into a contract for the re-powering and cosmetic work of Plaintiff's 1972 Twenty-Five foot Bertram Boat, including installation of Twin Diesel Yanmar engines, electronic controls, complete paint inside and out, teak cover boards, inside panels, change deck, install new fuel tank, install engine dash, electronic controls, wiring and panels.

8. The contract was agreed to by Johnson on behalf of JBW. Johnson is the President of JBW.

9. In or about November 2003, Owens delivered the Bertram Boat to Defendants in Rhode Island, and at that time discussions were conducted between Owens and Johnson regarding the re-powering of Plaintiff's boat and related work. It was expressly understood and agreed that the work to Plaintiff's boat would be completed by April of 2004.

10. On or about December 29, 2003, Defendant sent an invoice to Plaintiff regarding the work to be performed on the boat and the expected or anticipated cost. Said figure was Ninety Six Thousand and Two Dollars and Twenty Eight Cents ($96,002.28). At that time, Defendants requested a deposit of Fifty percent (50%) and Plaintiff sent Defendants a check for Sixty Thousand Dollars ($60,000.00). It was expressly understood and agreed between Plaintiff and Defendants that the work on Plaintiff's boat would be completed by April of 2004. The parties agreed that the balance was to be paid once the job was completed. A copy of the proposal is attached hereto as Exhibit A.

11. On numerous occasions between January 2004 and March 2004, inquires were made of the Defendants regarding the completion of the work on Plaintiff's boat by April of 2004. On each and every occasion, Johnson agreed and acknowledged that the work would be completed by April of 2004.

12. On or about April 1, 2004, the Plaintiff went to the Defendants' place of business and was told for the first time that no work had been done on Plaintiff's boat. At that time Plaintiff was promised and assured by Johnson that the work would be

completed by May of 2004.

13. In May 2004, the agreed upon work was not completed and Johnson again promised and assured Plaintiff that the boat would be completed by Plaintiff's birthday which was June 28, 2004.

14. In June 2004, Plaintiff learned that no work had been done to the boat and Plaintiff stated he would remove the boat from the Defendants' premises. In response, Johnson promised Plaintiff and agreed that he (Johnson) wanted to finish the job because he needed the money and pleaded with Plaintiff not to remove the boat and have the work finished elsewhere.

15. On or about July 10, 2004, Johnson informed Owens in Falmouth, Massachusetts that the work on the boat would be completed in three (3) weeks. On said date, in return for Plaintiff not removing the boat from the Defendants' premises, Johnson contracted in writing to complete the boat by August 10, 2004, and if the work was not completed Johnson would pay a One Hundred Dollar ($100.00) per day penalty until the boat was completed.

16. In reliance upon the representations of the Defendants, Plaintiff rented a boat storage slip in Falmouth Harbor for the summer which cost the Plaintiff the sum of Ten Thousand Dollars ($10,000.00).

17. On or about August 3, 2004, Plaintiff provided Defendants, Johnson and JBW with Ten Thousand Dollars ($10,000.00) to complete the project because Johnson alleged that he had run out of money and did not have any money to finish the boat.

18. On or about September 20, 2004, Plaintiff provided Defendants Johnson and JBW with an additional Five Thousand Dollars ($5,000.00) as Defendant Johnson

again stated he was broke and needed money to finish the boat.

19. On or about October 22, 2004, Plaintiff provided Defendant Johnson with Ten Thousand Dollars ($10,000.00) to finish the boat, for a total deposit of Eighty Five Thousand Dollars ($85,000.00). Notwithstanding the deposit paid by Plaintiff to the Defendants, and the Defendants' promises to complete the boat project, none of the work was completed on the boat.

20. On or about December 13, 2004, Plaintiff served the Defendants with a formal Demand for Relief pursuant to M.G.L. c. 93A, § 9 by certified mail, return receipt requested. Said correspondence was received by the Defendants on December 15, 2004, a copy of which is attached hereto as Exhibit B.

21. Despite having received the Plaintiff's deposit in the amount of Eighty Five Thousand Dollars ($85,000.00), and repeated promises of performing the re-powering and cosmetic work, no work was performed on Plaintiff's boat. In addition, the Defendants have failed and otherwise refused to refund said deposit to Plaintiff.

## COUNT I
## BREACH OF CONTRACT
## (JOHNSON )

22. The Plaintiff, Owens, repeats and realleges paragraphs 1-21 and by reference incorporates and makes them a part of this Claim.

23. The Plaintiff and Johnson entered into a contract whereby Johnson agreed to perform the work in exchange for valuable consideration in the form of payment of such work. The Plaintiff fulfilled his obligations under the contract by paying Johnson for the work.

5

24. Johnson breached the contract by failing and refusing to complete the work in a workmanlike manner despite having received payment for same.

25. As a result of Johnson's breach of the contract, Plaintiff has suffered damages.

WHEREFORE, the Plaintiff, Henry F. Owens III, demands judgment on Count I against the Defendant, Edward Johnson.

## COUNT II
## BREACH OF CONTRACT
## (JBW)

26. The Plaintiff, Owens, repeats and realleges paragraphs 1-25 and by reference incorporates and makes them a part of this Claim.

27. The Plaintiff and Johnson entered into a contract whereby JBW by its representative, officer or agent Johnson agreed to perform the work in exchange for valuable consideration in the form of payment of such work. The Plaintiff fulfilled his obligations under the contract by paying JBW for the work.

28. JWB breached the contract by failing and refusing to complete the work in a workmanlike manner despite having received payment for same.

29. As a result of JWB's breach of the contract, Plaintiff has suffered damages.

WHEREFORE, the Plaintiff, Henry F. Owens III, demands judgment on Count II against the Defendant, Johnson Boat Works, Inc.

## COUNT III
## FRAUDLENT INDUCEMENT/MISREPRESENTATION
## (JOHNSON & JBW)

30. The Plaintiff, Henry F. Owens III, repeats and realleges paragraphs 1-29 and by reference incorporates and makes them part of this Claim.

31. The Plaintiff was induced to enter the contract with the Defendants and provide the deposit based upon Johnson's false and misleading promises and representations that he and JWB were capable and available to perform the mechanical and cosmetic work in a timely manner.

32. The Plaintiff was further induced to pay Johnson and JBW additional monies based upon Johnson's continued false and misleading promises and representations that the work was being done and would be completed in a correct and workmanlike manner.

33. The Plaintiff relied upon Johnson's said promises and representations to his detriment. At the time Johnson made the aforesaid promises and representations both individually and on behalf of JBW, he knew them to be false. The Plaintiff has been damaged by Johnson's and JBW's said fraudulent actions.

WHEREFORE, the Plaintiff, Henry F. Owens III, demands Judgment on Count III against the Defendant, Edward Johnson and Johnson Boat Works, Inc.

## COUNT IV
## VIOLATION OF M.G.L. 93A
## (JOHNSON AND JWB)

34. The Plaintiff, Henry F. Owens III, repeats and realleges paragraphs 1-33, and by reference incorporates and makes them part of this Claim.

7

35. At all times material hereto, Johnson and JBW were engaged in trade or commerce.

36. The Plaintiff was induced to enter into a contract based upon Johnson's and JBW's false and misleading promises and representations that they would perform the mechanical and cosmetic work in a timely manner in accordance with the contract.

37. The Plaintiff relied upon Johnson's and JBW's said promises and representations to his detriment.

38. At the time Johnson and JBW made these promises and representations they knew them to be false and that they would be relied upon by the Plaintiff.

39. Johnson's and JBW's actions constitute unfair and deceptive practices in violation of M.G.L. c. 93A.

40. Johnson's and JBW's aforesaid conduct was intentional, purposeful, willful and knowing and were in violation of M.G.L. c. 93A.

41. Plaintiff has been damaged by the Defendants' violation of M.G.L. c. 93A.

WHEREFORE, the Plaintiff, Henry F. Owens III, demands Judgment of Count IV against the Defendants Edward Johnson and Johnson Boat Works, Inc.

**COUNT V
UNJUST ENRICHMENT
(JOHNSON & JWB)**

42. The Plaintiff, Henry F. Owens III, repeats and realleges paragraphs 1-41, and by reference incorporates and makes them a part of this Claim.

43. The Defendants' retention of the Plaintiff's money and property is without right or consideration.

44. The Defendants have been enriched to the detriment of the Plaintiff as goods and services were paid for which were not received.

45. The Defendants have been further enriched by obtaining monies from the Plaintiff for which no services were provided.

WHEREFORE, the Plaintiff, Henry F. Owens III, demands Judgment on Count V against the Defendants Edward Johnson and Johnson Boat Works, Inc.

### COUNT VI
### CONVERSION
### (JOHNSON & JWB)

46. The Plaintiff, Henry F. Owens III, repeats and realleges paragraphs 1-45 and by reference incorporates and makes them a part of this Claim.

47. Defendants Johnson and JBW have converted to their own use and possession funds belonging to the Plaintiff, to which funds the Defendants had no right, title or ownership.

48. Despite demand from the Plaintiff and his counsel, Defendants have failed and refused to return Plaintiff's funds, converting the same to their own use and purpose.

WHEREFORE, the Plaintiff, Henry F. Owens III, demands Judgment on Count VI against the Defendants Edward Johnson and Johnson Boat Works, Inc.

## JURY DEMAND

## PLAINTIFF DEMANDS A TRIAL BY JURY.

Dated: April 27, 2005

Respectfully submitted,
HENRY F. OWENS III
By his attorneys,

Raymond Sayeg BBO#555437
DENNER O'MALLEY, LLP
Four Longfellow Place, 35th Floor
Boston, MA 02114
Tel: (617) 742-1184

# Exhibit A



**JOHNSON'S BOAT WORKS**
1128 Narragansett Blv
Cranston, RI 02905
401-255-1246

# Invoice

Number: **910**

Date: **December 29, 2003**

**Bill To:** Henry

**Ship To:**

| PO Number | Terms | Customer # | Service Rep. | Project |
|---|---|---|---|---|
|  |  |  |  |  |

| Description | Quantity/Hours | Price/Rate | Tax | Amount |
|---|---|---|---|---|
| 6LPA-STZP BRAVO IX electronic controls | 2.00 | 25,202.00 | ✓ | 50,404.00 |
| Complete paint inside and out | 2.00 | 4,600.00 | ✓ | 9,200.00 |
| teak cover boards | 1.00 | 15,000.00 |  | 15,000.00 |
| inside panels | 1.00 | 2,000.00 |  | 2,000.00 |
| Change deck and install fuel tank | 1.00 | 1,800.00 |  | 1,800.00 |
| stanless props | 1.00 | 3,500.00 |  | 3,500.00 |
| install engines, dash electronic controls, wiring, panels, | 2.00 | 900.00 | ✓ | 1,800.00 |
|  | 1.00 | 8,000.00 |  | 8,000.00 |

Sub-Total: **$91,704.00**
State Tax 7.00% on 61,404.00: **4,298.28**
Total: **$96,002.28**

---

Handwritten notes:

① What year
② What Model
③ Serial numbers.

pd 12-29-03 ; 60.000 EJC MW ck 1093

1972 25' Bertram

1-3-04 spoke to Eddie, has not started work on boat, will start [Feb-14.] Yes has ordered engines, not sure if they are in. Has jobs ahead of yours [E-mailed Henry.]

# Exhibit B

December 13, 2004

Mr. Edward Johnson
Johnson's Boat Works
1128 Narragansett Boulevard
Cranston, Rhode Island 02905

Dear Mr. Johnson:

Re: 25' Bertram

This correspondence shall constitute formal demand for relief pursuant to Massachusetts General Laws Chapter 93A, Section 9, on behalf of the undersigned. Claim is hereby made that Edward Johnson individually and Edward Johnson doing business as Johnson's Boat Works, hereinafter referred to as "Johnson" has violated Massachusetts General Laws Chapter 93A, Section 9 and the regulations promulgated thereunder by engaging in unfair and/or deceptive business acts and/or practices including without limitations breach of contract, fraud, misrepresentation and negligence. Said conduct arises out of the re-powering and cosmetic work on my Bertram 25' boat.

This claim arises out of the installation of twin diesel Yanmar engines, electronic controls, complete paint inside and out, teak cover boards, inside panels, change deck, install new fuel tank, install engine dash, electronic controls, wiring and panels.

As you are well aware I first made contact with "Johnson" three (3) years ago at the Boston Boat Show regarding the re-powering of my 25' Bertram. During the 1993 Boston Boat Show agreement was made that "Johnson" would re-power my boat during the winter of 2004.

November of 2003, I delivered my boat to "Johnson" in Rhode Island. At that time discussions were conducted between the undersigned and "Johnson" regarding the re-powering of my boat and related work. It was expressly understood and agreed that the work to my boat would be completed by April of 2004.

On or about December 29, 2003, "Johnson" sent a proposal to me regarding the work to be performed on the boat and the expected or anticipated cost. Said figure was Ninety Six Thousand and Two Dollars and Twenty-Eight Cents ($96,002.28.) At that time "Johnson" requested a deposit of fifty per cent (50%) and I sent "Johnson" a check for Sixty Thousand Dollars ($60,000.00). It was expressly understood and agreed between myself and "Johnson" that the work on my boat would be completed by April of 2004.

Mr. Edward Johnson
December 13, 2004
Page Two


On numerous occasions between January 2004 and March 2004 inquiries were made of "Johnson" regarding the completion of the work on my boat by April 2004. On every occasion "Johnson" agreed and acknowledged that the work would be completed by April of 2004.

"Johnson" knew that I was out of the country for the first three months of 2004. When I returned in April of this year I immediately went to "Johnson" place of business and I realized for the first time that no work had been done on my boat. At that time I was promised and assured by "Johnson" that the boat would be completed by May.

In May of this year the boat was not completed and "Johnson" again promised and assured me that the boat would be completed by my birthday which was June 28th.

When I threatened to remove the boat from "Johnson," promises and agreements were made to me by "Johnson" that "Johnson" wanted to finish the job because "Johnson" needed the money and pleaded with me not to remove the boat and have the work finished elsewhere.

On July 10, 2004, "Johnson" informed me that the work on the boat would be completed in three (3) weeks. On said date in return for me not removing the boat from "Johnson", "Johnson" contracted in writing to complete the boat by August 10, 2004, and if the work was not completed "Johnson" would pay a One Hundred Dollar ($100.00) per day penalty until the boat was completed.

I visited "Johnson" weekly during the summer of 2004 and on each visit "Johnson" promised and assured me that the boat would be completed shortly.

As of this month "Johnson" still has not completed the repairs and work on my boat. Moreover, since December of 2003, I have paid "Johnson" an additional Twenty-Five Thousand Dollars ($25,000.00) based on promises and assurances that my boat would be completed during the summer of 2004.

The boat has not been on a "sea trial" therefore I do not have any present knowledge as to the quality of the workmanship regarding the engine installation.

Mr. Edward Johnson
December 13, 2004
Page Three

"Johnson" is liable in Massachusetts pursuant to Massachusetts General Laws Chapter 93A in a tort and breach of contract action because "Johnson" made false, misleading and fraudulent statements to induce the undersigned to bring his boat to "Johnson" for repair work. Moreover, "Johnson" continued to make false statements knowing that the work would not be completed on the boat during the summer of 2004.

You should be aware of the relevant provisions of Chapter 93A governing your response to this demand for relief. Under the statute, you may, within thirty (30) days of the mailing of delivery of this demand letter, make a written tender of settlement. In determining whether to make a reasonable written tender of settlement, you may wish to take note of the case of International Fidelity Insurance Company v. Wilson 387 Mass. 841 (1983). There the Court held:

> (T)he conduct prescribed by the statute is as much the failure to make a reasonable settlement offer as it is the substantive violation of c.93A. Multiple damages are "the appropriate punishment for forcing plaintiff to litigate clearly valid claims."

Accordingly, if "Johnson" does not make a reasonable settlement offer in response to this demand letter, then "Johnson" may be liable for not less than double and no more than treble damages, if the Court finds that "Johnson" conduct was knowing or willful or if the Court finds that "Johnson" failure to make a reasonable offer was in bad faith with knowledge or with reason to know that "Johnson" conduct violated Chapter 93A. Given that the repeated false statements made by "Johnson" to me were knowingly made with the intent that I would not remove my boat from "Johnson" but "Johnson" knowing full well that my boat would not be completed by the summer of 2004.

It is reasonable to expect that "Johnson" conduct ultimately be found to have been knowing or willful and that "Johnson" failure to make a reasonable offer of settlement was improper. Moreover, even without such a finding I will be entitled to an award of attorney's fees and expenses from "Johnson" should the matter proceed to litigation. Given the nature of this case, you can be sure that those amounts will be substantial.

I hereby make a settlement demand in the sum of Seventy One Thousand Dollars ($71,000.00).

Mr. Edward Johnson
December 13, 2004
Page Four

As of this month my boat was unfinished in the following areas: no windshield, controls not installed, no rub rail, no clear coat applied, head not installed, no rod holders in cabin, no lights under gunnels, no transom lights, transducer not installed, no cushions and boat cover.

Thank you for your anticipated cooperation in this matter and I shall look forward to your response in a timely manner.

Very truly yours,

Henry F. Owens III

dj

Certified Mail Number  7004 2510 0005 2097 6480

