UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HENRY F. OWENS III | : |
| Plaintiff | : |
| | : |
| vs. | : C.A.No.: 05-10810 MEL |
| | : |
| EDWARD JOHNSON and | : |
| JOHNSON'S BOAT WORKS, INC. | : |
| Defendants | : |

## EDWARD JOHNSON AND JOHNSON'S BOAT WORKS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND CLAIM FOR TRIAL BY JURY

Defendants Edward Johnson ("Johnson") and Johnson's Boat Works, Inc.

("JBW")[1] hereby answer the Complaint filed by Plaintiff Henry F. Owens III (Owens) as

follows:

### PARTIES

1.    The Defendants are without sufficient information or knowledge to form a

belief as to the veracity of the allegations contained therein and therefore leave Owens to

his proof.

2.    Admit.

3.    Admit.

4.    The records for the Rhode Island Secretary of State, Corporations

Division, speak for themselves. Upon information and belief, JBW's corporate status

was and is currently still revoked apparently for failure to file one or more annual reports.

The legal consequences concerning such matters as liability of shareholders, officers and

---

[1] Johnson and JBW will be collectively referred to as the "Defendants" in this joint Answer.

1

directors for corporate debt when the corporate entity ceases to exist is strictly a legal

question, not a question of fact. Therefore, no answer is required in response to this

proposed statement of law. In the event an answer is required, the Defendants deny the

allegations and leave Plaintiff to his proof.

## JURISDICTION AND VENUE

    5.    Denied.

    6.    Denied.

## STATEMENT OF FACTS

    7.    The Defendants admit that JBW initially entered into a contract with

Owens to perform a defined and limited amount of work to the Plaintiff's boat.[2] The

contract was not consummated in Massachusetts but instead was entered into in Rhode

Island. The contract was not entered into in February of 2003. After JBW commenced

its initial work on the boat, Plaintiff observed the quality workmanship and was

impressed with the overall work. Owens thereafter changed the scope of work on a

number of occasions resulting in a continuously evolving list of work to be performed by

JBW.

    8.    The Defendants admit that Johnson is the President of JBW and it is

Johnson who entered into the contract with Owens in his capacity as President of JBW.

The initial contract changed over time between JBW and Owens on a number of

occasions.

---

[2] It should be noted that the scope of work listed in Owen's Complaint is not the original scope of work agreed to by JBW and Owens. As the evidence will show in this case, the scope of work expanded over time which materially altered the original contract in terms of price and the date of completion. The Plaintiff wants the Court to believe that the scope of work contained in paragraph 7 of the Complaint is the original scope of work agreed to by the parties. This is completely not true.

9.      Owens delivered his boat to JBW in Rhode Island sometime in late 2003.

The initial contract was strictly limited to re-powering and painting Owens boat.

Defendants admit that the discussions occurred in Rhode Island and that the contract was

formed in Rhode Island. The Defendants further admit that JBW and Owens agreed that

the initial contract or scope of work would be completed in April of 2004.

10.     The Defendants are unable to ascertain whether or not the document

labeled and attached as *Exhibit A* is an invoice that was sent on December 29, 2003.[3]  The

Defendants admit that Owens tendered JBW a $60,000.00 payment towards the work to

be performed. The Defendants deny the remaining allegations and leave plaintiff to his

proof.

    11.     Denied.

    12.     Denied.

    13.     Denied.

    14.     Denied.

    15.     Denied.

    16.     Denied.

    17.     The Defendants admit that Owens paid JBW an additional $10,000.00

which sum was to be applied against the contract balance. The Defendants expressly

deny the remaining allegations and leave the Plaintiff to his proof.

    18.     The Defendants admit that Owens paid JBW an additional $5,000.00

which sum was to be applied against the contract balance. The Defendants expressly

deny the remaining allegations and leave the Plaintiff to his proof.

_____

[3] The Defendants point out that *Exhibit A* is not an authentic or a true and accurate copy of a JBW invoice. This invoice contains self-serving notations presumably made by the plaintiff himself.

19.     The Defendants admit that Owens paid JBW an additional $10,000.00 which sum was to be applied against the contract balance. The Defendants expressly deny the remaining allegations and leave the Plaintiff to his proof.

20.     Owens sent a letter to the Defendants which was received on or about December 15, 2004. The letter attached to the Complaint appears to be the letter received by the Defendants. The Defendants state that the so-called formal demand for relief pursuant to M.G.L. c. 93A, § 9 is ineffectual and not applicable to the transaction at issue here for a number of reasons.[4]

21.     Denied. Owens is not due any refund and there is no deposit to return. Owens owes the Defendants a substantial sum of money for the work performed to date and for the nominal work left to be done.

## COUNT I
## BREACH OF CONTRACT
## (JOHNSON)

22.     The Defendants repeat and re-allege paragraphs 1 through 21 of their Answer as if fully stated herein.

23.     Denied.

24.     Denied.

25.     Denied.

WHEREFORE, Defendants Edward Johnson and Johnson's Boat Works, Inc. hereby demand that judgment enter in their favor on all counts pled by Plaintiff Henry F. Owens, III in his Complaint; that all the relief requested by Plaintiff be denied in its entirety; that the Defendants be awarded all costs and reasonable attorney's fees incurred

---

[4] One such reason as evidenced by the Plaintiff's own Complaint is that this contract was formed in Rhode Island, not the Commonwealth of Massachusetts. Therefore, under the applicable Choice of Law Rules, the law of Rhode Island applies, not the law of Massachusetts.

4

in defending this action as well as any and all other relief this Court deems just and appropriate.

## COUNT II
## BREACH OF CONTRACT
## (JBW)

26.     The Defendants repeat and re-allege paragraphs 1 through 25 of their Answer as if fully stated herein.

27.     The Defendants admit that JBW and Owens entered into an initial contract to paint and re-power the subject boat. This contract ultimately evolved over time to consist of a contract where the plaintiff's boat was to be redesigned and rebuilt. Johnson was the authorized representative who acted on behalf of JBW. The Plaintiff did not meet his obligations under the contract.

28.     Denied.

29.     Denied.

WHEREFORE, Defendants Edward Johnson and Johnson's Boat Works, Inc. hereby demand that judgment enter in their favor on all counts pled by Plaintiff Henry F. Owens, III in his Complaint; that all the relief requested by Plaintiff be denied in its entirety; that the Defendants be awarded all costs and reasonable attorney's fees incurred in defending this action as well as any and all other relief this Court deems just and appropriate.

## COUNT III
## FRAUDULENT INDUCEMENT/MISREPRESENTATION
## (JOHNSON & JBW)

30.     The Defendants repeat and re-allege paragraphs 1 through 29 of their Answer as if fully stated herein.

5

31. Denied.

32. Denied.

33. Denied.

WHEREFORE, Defendants Edward Johnson and Johnson's Boat Works, Inc.

hereby demand that judgment enter in their favor on all counts pled by Plaintiff Henry F.

Owens, III in his Complaint; that all the relief requested by Plaintiff be denied in its

entirety; that the Defendants be awarded all costs and reasonable attorney's fees incurred

in defending this action as well as any and all other relief this Court deems just and

appropriate.

**COUNT IV**
**VIOLATION OF M.G.L. 93A**
**(JOHNSON & JBW)**

34. The Defendants repeat and re-allege paragraphs 1 through 33 of their

Answer as if fully stated herein.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

WHEREFORE, Defendants Edward Johnson and Johnson's Boat Works, Inc.

hereby demand that judgment enter in their favor on all counts pled by Plaintiff Henry F.

Owens, III in his Complaint; that all the relief requested by Plaintiff be denied in its

entirety; that the Defendants be awarded all costs and reasonable attorney's fees incurred in defending this action as well as any and all other relief this Court deems just and appropriate.

**COUNT V**
**UNJUST ENRICHMENT**
**(JOHNSON & JBW)**

42.    The Defendants repeat and re-allege paragraphs 1 through 41 of their Answer as if fully stated herein.

43.    Denied.

44.    Denied.

45.    Denied.

WHEREFORE, Defendants Edward Johnson and Johnson's Boat Works, Inc. hereby demand that judgment enter in their favor on all counts pled by Plaintiff Henry F. Owens, III in his Complaint; that all the relief requested by Plaintiff be denied in its entirety; that the Defendants be awarded all costs and reasonable attorney's fees incurred in defending this action as well as any and all other relief this Court deems just and appropriate.

**COUNT VI**
**CONVERSION**
**(JOHNSON & JBW)**

46.    The Defendants repeat and re-allege paragraphs 1 through 45 of their Answer as if fully stated herein.

47.    Denied.

48.    Denied.

7

WHEREFORE, Defendants Edward Johnson and Johnson's Boat Works, Inc. hereby demand that judgment enter in their favor on all counts pled by Plaintiff Henry F. Owens, III in his Complaint; that all the relief requested by Plaintiff be denied in its entirety; that the Defendants be awarded all costs and reasonable attorney's fees incurred in defending this action as well as any and all other relief this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

1.    The Plaintiff fails to state a claim upon which relief can be granted.

2.    The Plaintiff's assertion that Massachusetts law applies to this case is erroneous. The law to be applied in this case is the law of Rhode Island.

3.    A claim for relief under M.G.L. c. 93A is not applicable here.

4.    The Plaintiff is in breach of contract, not the Defendants.[5]

5.    The Defendants did not cause Plaintiff to suffer any damages. To the extent Plaintiff suffered damages, he is the sole cause of those damages.

6.    Coercion and duress.

7.    The Plaintiff has unclean hands.

8.    The Plaintiff did not bestow any benefit to Defendants.

9.    The subject contract was consummated in Rhode Island and therefore Rhode Island law applies.

_____

[5] The Defendants insist that the Complaint is constitutionally frail and defective in terms of subject matter jurisdiction, personal jurisdiction and venue. The Defendants also contend that they have legal claims to assert against the Plaintiff. Notwithstanding, the Defendants do not wish to submit themselves to the jurisdiction of this Court and waive their Rule 12(h) defenses by filing a counterclaim at this point. To this end, the Defendants anticipate filing the appropriate motion to dismiss and a motion to transfer venue to the District of Rhode Island before this case proceeds any further. In the event the Court denies these motions and allows the case to remain in the District of Massachusetts, the Defendants will forthwith file their Rule 15 motion for leave to add a counterclaim against the Plaintiff.

10.     Venue is not proper in the District of Massachusetts. In the event federal

jurisdiction exists in this case, the District of Rhode Island is where venue properly lies.

11.     The Plaintiff's claims do not satisfy the jurisdictional threshold and

therefore no subject matter jurisdiction exists over the case presented by Plaintiff.

12.     There is no personal jurisdiction over Johnson or JBW in the

Commonwealth or District of Massachusetts.

## THE DEFENDANTS JBW AND JOHNSON DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Scott DeMello (BBO# 566981)

Respectfully submitted,
Defendants Edward Johnson and
Johnson's Boat Works, Inc.
By and through their Attorneys,

Scott DeMello, BBO# 566981
DeMello & Clark, P.C.
109 Oak Street
Newton, MA 02464
(617) 630-8150
(617) 630-8191

Michael J. Lepizzera, Jr.
*(pro hac vice motion pending)*
Lepizzera & Laprocina
301 Metro Center Blvd., #102
Warwick, RI 02886
(401) 739-7397
(401) 384-6950 Fax

## CERTIFICATION

I hereby certify that on the $\angle 3$ , day of May, 2005, I mailed a true and accurate copy of *EDWARD JOHNSON AND JOHNSON'S BOAT WORKS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND CLAIM FOR TRIAL BY JURY* to the following counsel of record:

Raymond Sayeg, Esq.
Denner O'Malley, LLP
Four Longfellow Place, 35th Floor
Boston, MA 02114

