UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

2005 SEP 28 P 3: 26

U.S. DISTRICT COURT
DISTRICT OF MASS.

HENRY F. OWENS III : 
    Plaintiff :
:
vs. :   C.A.No.: 05-10810 MEL
:
EDWARD JOHNSON and :
JOHNSON'S BOAT WORKS, INC. :
    Defendants :

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS EDWARD JOHNSON AND JOHNSON'S BOAT WORKS, INC.'S MOTION FOR LEAVE TO ADD A COUNTERCLAIM AND TO EXTEND THE DISCOVERY SCHEDULE**

A.   **Statement of Facts**

Defendants Edward Johnson ("Johnson") and Johnson's Boat Works, Inc. ("JBW") have filed the instant motion for leave of Court pursuant to Federal Rule of Civil Procedure 15 to add a counterclaim and also to extend the period for the parties to conduct discovery.

This litigation was commenced on or about April 22, 2005. The plaintiff claims in his complaint, *inter alia,* that the defendants breached a contract it entered into with plaintiff to refurbish and re-power the plaintiff's 1972 twenty-five foot Bertram boat. In addition to its breach of contract claims, the plaintiff has also asserted claims for conversion, misrepresentation, unjust enrichment and violation of M.G.L. 93A. The conversion claim was brought by plaintiff for the return of his boat that defendants were holding as collateral to secure payment defendants claim was due them by plaintiff for materials, labor and services rendered to re-build the boat.

1

The plaintiff claimed that federal jurisdiction existed in this case "for the reason of diversity of citizenship among the Plaintiff and Defendants *and because the amount in controversy exclusive of interests and costs, exceeds $75,000.00.*" See *Complaint* at pg. 2 ¶ 5.

The defendants filed their Answer to the plaintiff's complaint on or about May 24, 2005. In its Answer, the defendants raised a number of affirmative defenses including the following: (i.) "The Plaintiff is in breach of contract, not the Defendants" See *Answer pg. 8 Affirmative Defense No. 4*; (ii.) "The subject contract was consummated in Rhode Island and therefore Rhode Island law applies" See *Answer pg. 8 Affirmative Defense No. 9*; (iii.) "Venue is not proper in the District of Massachusetts. In the event federal jurisdiction exists in this case, the District of Rhode Island is where venue properly lies." See *Answer pg. 8 Affirmative Defense No. 10*; and (iv.) "The amount in controversy concerning the claims brought by Plaintiff does not reach the statutory threshold." See *Answer pg. 8 Affirmative Defense No. 11*.

The defendants also alleged in their answer that "Owens is not due any refund and there is no deposit to return. ***Owens owes the Defendants a substantial sum of money for JBW to complete and deliver the boat.***" See *Answer pg. 4 ¶ 21*.

The defendant did not file a formal counterclaim in response to plaintiff's complaint because it was concerned with voluntarily submitting itself to the jurisdiction of this Court and waiving any jurisdictional defenses raised in its Answer.[1]

---

[1] The defendants have attached a copy of the proposed counterclaim to this memorandum of law as Exhibit A. The defendants further note that their counsel had previously forwarded a copy of a complaint which is similar in form to the counterclaim proposed in this case to plaintiff's predecessor counsel before this litigation was commenced in federal court. The complaint which the undersigned counsel sent to plaintiff's predecessor counsel was a complaint the defendants intended to file in Rhode Island Superior Court. It turned out that Owens was one step ahead of the defendants in filing suit which brings this case to this federal court instead of state court in Rhode Island.

2

On or about June 21, 2005, the plaintiff filed a motion to compel the defendant to return his boat. The parties appeared before the Court on July 6, 2005 for a scheduling conference. At the conference, the parties agreed that the defendants would return the boat in return for the plaintiff depositing $25,000.00 in his attorney's trust account to secure the defendants' claim for monies due them for labor, services and materials it provided to rebuild the boat. The plaintiff's counsel provided the undersigned counsel with proof of the $25,000.00 deposit and the defendants released the boat to the plaintiff.

The parties agreed to a truly expedited discovery and trial schedule in this matter on or about July 6, 2005 when counsel conferred in the courthouse. At the time, the undersigned counsel was hoping to avoid cumbersome litigation and possibly resolve the case over the next couple of months. Unfortunately, counsel has been engaged in a number of other pressing litigation matters and has not had the time to either confer with opposing counsel concerning settlement or to conduct any discovery. The undersigned counsel is still in the process of itemizing defendants' documents to support its claims that: (i.) defendants do not owe any money to the plaintiff and (ii.) the plaintiff, in fact, owes the defendant a substantial amount of money performed on behalf of the plaintiff in refurbishing the plaintiff's boat.

The plaintiff therefore needs additional time to compile discovery it is required to produce to plaintiff, to conduct its own discovery and (iii) to add a counterclaim in this action.

    **B.**    **Justice requires that leave be granted for the defendants to formally add a counterclaim.**

Federal Rule of Civil Procedure 15 provides in relevant part: "[A] party may amend the party's pleading only be leave of court or by written consent of the

3

adverse party; *and leave shall be freely given when justice so requires."* (emphasis added).

The defendants are seeking to add a formal counterclaim in this action. The counterclaim was not initially filed along with the answer to the complaint because the defendants did not want to waive their jurisdictional defenses in this case. The defendants were concerned that it would waive its lack of personal jurisdictional claim if a counterclaim was filed. If the court permits the defendant to formally file its compulsory counterclaim, the defendants will not raise or litigate its personal jurisdiction defense in this case. Although the defendants opine that jurisdiction indeed properly lies in Rhode Island, the defendants submit that the resources of the parties should not be wasted arguing over venue at this time.

There is no absolutely no surprise or prejudice to the plaintiff in this case. The plaintiff was fully aware that the defendants claimed monies were due them by plaintiff for its work, materials and services. The plaintiff obviously would not have deposited a substantial sum of $25,000.00 in its attorney's escrow account as consideration for the return of the boat if it was not aware that defendant was asserting a claim against plaintiff.

Moreover, the defendants stated in their Rule 16.3(A)(3) statement the following:

6. Settlement Discussions

> The parties have conferred with respect to settlement. The defendants claim they are owed a balance of $82,100.38. The balance is arrived at as follows: total contract price ($167,100.38) minus (-) amount paid ($85,000.00) = $82,100.38. The dispute between the parties is a result of the numerous change orders made by the plaintiff during the course of defendant working on the boat. As the scope of work expanded over time, the original contract was altered in terms of price and the completion date.

4

Finally, and more importantly, the plaintiff stated in their motion to compel the defendant to return the boat the following: ***"The Plaintiff further requests that he be permitted to put in escrow a sum to insure that the Defendant, if he recovers anything against the Plaintiff he will be paid,*** realizing that the Plaintiff will have to pay additional funds to complete the boat over and above the $85,000.00 already paid by the Plaintiff to the Defendant."[2]

All parties in this case obviously understood that the plaintiff was asserting claims against the defendants and the defendants were asserting claims against the plaintiffs. Both parties should be allowed to proceed with their respective claims.

The defendants request that discovery be extended up to and including November 18, 2005. The defendants further request that the filing of dispositive motions be extended up to and including December 18, 2005 and oppositions to said dispositive motions be filed on or before January 6, 2005.

For all the foregoing reasons, the defendants respectfully request that their motion to formally add a counterclaim and to extend the discovery deadline be granted.

---

[2] The defendants note that the plaintiff's underlying monetary claims lodged against them in this case are essentially for the cost of work incurred by plaintiff to complete the boat. The cost of repairs or completion appears to be approximately $33,973.58.

5

Respectfully submitted,
Defendants Edward Johnson and
Johnson's Boat Works, Inc.
By and through their Attorneys,

_____
Christian C. Potter
Michael J. Lepizzera, Jr.
Lepizzera & Laprocina
301 Metro Center Blvd. Suite 102
Warwick, RI 02886
Tel: (401) 739-7397
Fax: (401) 384-6950

## CERTIFICATION

I hereby certify that on the __28__, day of September, 2005, I mailed a true and accurate copy of the within Memorandum to the following counsel of record:

Raymond Sayeg, Esq.
Denner O'Malley, LLP
Four Longfellow Place, 35th Floor
Boston, MA 02114

6

EXHIBIT "A"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HENRY F. OWENS III : | |
| Plaintiff : | |
| : | |
| vs. : | C.A.No.: 05-10810 MEL |
| : | |
| EDWARD JOHNSON and : | |
| JOHNSON'S BOAT WORKS, INC. : | |
| Defendants : | |

## EDWARD JOHNSON AND JOHNSON'S BOAT WORKS, INC.'S COUNTERCLAIM AGAINST PLAINITFF, HENRY F. OWENS III

The Defendants, Edward Johnson and Johnson's Boat Works (hereinafter collectively referred to as "JBW"), Inc., hereby files its counterclaim against the Plaintiff, Henry Owens III ("Owens") as follows:

### Parties

1. JBW was a duly organized corporation under the laws of the State of Rhode Island, having its principal place of business in the County of Providence, State of Rhode Island.

2. Upon information and belief, defendant Owens is a resident of 51 Gunning Point Avenue, Falmouth, Barnstable County, Commonwealth of Massachusetts.

### Jurisdiction

3. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332, for the reason of diversity of jurisdiction of citizenship among the Plaintiff and the Defendants and because the amount in controversy for this counterclaim exclusive of interest and costs exceeds $75,000.00.

## Venue

4. Venue is proper in this Court under 28 U.S.C. § 391(b) since the Plaintiff is situated in this District.

## Statement of Facts

5. Defendant Owens hired plaintiff JBW to perform certain restoration work on the defendant's boat at the plaintiff's place of business in Cranston, Rhode Island.

6. The boat was transported to JBW in Cranston, Rhode Island and JBW subsequently performed the remedial work which includes but is not limited to installing a motor and drive and rebuilding and painting the defendant's boat.

7. Pursuant to the agreement, Owens agreed to pay JBW the total sum of $167,100.38 for the restoration and remedial work performed by JBW.

8. Owens paid JBW the sum of $85,000.00 for the work and services rendered by JBW leaving a principal balance of $85,100.38 due and owing pursuant to the terms of the original contract.

9. JBW has made demand upon Owens to remit the balance of $85,100.38 but to no avail. Owens has ignored JBW's request for payment.

10. The plaintiff conferred a substantial benefit upon the defendant which includes restoring the defendant's boat at the expense of JBW.

11. Owens has accepted and retained the benefit conferred upon him by plaintiff.

12. It would be completely inequitable if Owens was permitted to retain the benefit without having to compensate the plaintiff.

13. Defendant Owens refuses to pay the entire balance owed to JBW.

14. Defendant Owens has no good faith basis for withholding payment to JBW for its labor, services and materials.

15. Defendant has also demanded that plaintiff perform additional work, labor and services to the boat which is not within the original scope of work agreed to by the parties.

16. Plaintiff has performed some of this work at the defendant's request based on defendant's representation that he would pay plaintiff not only the balance due under the original agreement but that he would also compensate plaintiff for the so-called change order or additional work.

17. The defendant has failed to compensate plaintiff in accordance with their agreement.

18. The plaintiff has been economically harmed insofar as it has expended a substantial amount of money for labor, services and materials on behalf of the defendant without receiving adequate compensation.

## Count I
### (Breach of Contract on the part of Henry Owens)

19. JBW reincorporates and realleges paragraphs 1 through 18 of the Counterclaim as if fully set forth herein.

20. The facts set forth above constitute a breach of contract by defendant Owens.

21. JBW has been damaged in an amount to be proven at the time of trial.

WHEREFORE, plaintiff JBW respectfully requests that judgment enter against defendant Owens in its favor awarding JBW compensatory damages, prejudgment and

post judgment interest, litigation costs, reasonable attorney's fees and any other relief this Court deems appropriate and just.

## Count II
## (Quantum Meruit)

22. JBW reincorporates and realleges paragraphs 1 through 21 of the Counterclaim as if fully set forth herein.

23. The facts set forth above entitle JBW to quantum meruit i.e. the fair market value of the labor, materials and storage services rendered on behalf of Owens.

WHEREFORE, plaintiff JBW respectfully requests that judgment be entered against defendant Owens in its favor awarding JBW the fair market value of the labor, materials and storage services it provided plus prejudgment and post judgment interest, litigation costs, reasonable attorney's fees and any other relief this Court deems appropriate and just.

## Count III
## (Unjust Enrichment)

24. JBW reincorporates and realleges paragraphs 1 through 23 of the Counterclaim as if fully set forth herein.

25. The facts set forth above establish that Owens has been unjustly enriched to the detriment of JBW.

WHEREFORE, plaintiff JBW respectfully requests that judgment be entered against defendant Owens in its favor awarding JBW the fair market value of the benefit it conferred upon Owens plus statutory interest, litigation costs, reasonable attorney's fees and any other relief this Court deems appropriate and just.

## Count IV
## (R.I.G.L. § 9-1-45 Attorney's Fees)

26. JBW reincorporates and realleges paragraphs 1 through 25 of the Counterclaim as if fully set forth herein.

27. Rhode Island law permits an award of reasonable attorney's when there is a complete absence of justiciable issues of fact or law in a contract dispute. R.I.G.L. § 9-1-45.

28. Owens has no defense to this action and JBW has made all reasonable efforts to collect this case without the need for litigation.

29. JBW is entitled to an award of reasonable attorney's fees pursuant to R.I.G.L. § 9-1-45 in an amount to be determined at a later date.

WHEREFORE, JBW respectfully requests that judgment be entered against Owens in its favor awarding plaintiff reasonable attorney's fees incurred to prosecute this action.

*Counterclaim Plaintiffs/Defendants hereby demand a trial by jury*

        Respectfully submitted,
        Defendants, Edward Johnson and
        Johnson Boat Works, Inc.
        By and through their attorneys,

        _____
        Christian C. Potter
        Michael J. Lepizzera, Jr.
        Lepizzera · Laprocina
        301 Metro Center Blvd. Suite 102
        Warwick, Rhode Island 02886
        Tel: (401) 739-7397
        Fax: (401) 384-6950

## CERTIFICATION

    I hereby certify that on the _____, day of September, 2005, I mailed a true and accurate copy of *the* Defendants' Counterclaim to the following counsel of record:

Raymond Sayeg, Esq.
Denner O'Malley, LLP
Four Longfellow Place, 35th Floor
Boston, MA 02114