UNITED STATES DISTRICT COURT
FIRST DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 SEP 28 P 3: 27

U.S. DISTRICT COURT
DISTRICT OF MASS.

HENRY F. OWENS          :
  Plaintiff        :
       :
vs.                     : C. A .No: 05-10810 MEL
       :
EDWARD JOHNSON and      :
JOHNSON'S BOAT WORKS, INC. :
  Defendants       :

## DEFENDANTS EDWARD JOHNSON'S AND JOHNSON'S BOAT WORKS, INC'S DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)

NOW COME Edward Johnson and Johnson's Boat Works, Inc. (hereinafter "Johnson"), defendants in the above-entitled matter, and hereby provide their initial disclosure required by Rule 26(a)(1) of the Federal rules of Civil Procedure, as follows:

(A) Pursuant to Rule 26(a)(1)(A), Defendants provide the following names , and if known, the addresses and telephone numbers of each individual likely to have discoverable information that the Defendants may use:

 1. Edward Johnson
   91 Armington Street
   Cranston, Rhode Island 02905

Mr. Johnson may be called to testify regarding the material terms and conditions of the contract that was entered into between the parties. More specifically with respect to the contract, Mr. Johnson may be called to testify as to the situs for the contract, the original scope of work to be performed, as well as the additional work that was

1

negotiated, the payment terms, the termination date, the extensions and revisions to the terms of the original contract, the payments that were made, and the work that was performed. Mr. Johnson may also be called to testify as to the hours that he worked to perform the renovation of the boat and the parts that were purchased to renovate the boat. Also, Mr. Johnson may be called to testify as to Mr. Owens' breach of the contract.

Mr. Johnson may be called to testify regarding the verbal threats that were made to him by Mr. Owens concerning the completion of the renovations to the boat. Mr. Johnson may also be called to testify as to the gentleman that Mr. Owens brought with him when he made said threats.

2. Mark Rousseau
750 Great Road
Lincoln, RI 02865

Mr. Rousseau may be called to testify as to the work that he performed on the boat. More specifically, Mr. Rousseau owns Rousseau Marine and he was hired by Mr. Johnson to install the engines on the boat. Mr. Rousseau may also be called to testify as to the hours that he worked to complete the renovation of the boat and the parts that were purchased to renovate the boat.

Mr. Rousseau may also be called to testify as to the work that Mr. Johnson completed to the boat and the quality of said work. Mr. Rousseau may also be called to testify to the additional work that was requested by Mr. Owens and the terms and conditions of the modifications to the original contract.

Mr. Rousseau may be called to testify regarding the verbal threats that were made by Mr. Owens to Mr. Johnson concerning the completion of the renovations to the boat.

Mr. Rousseau may also be called to testify as to the gentleman that Mr. Owens brought with him when he made said threats.

    3.    David Brennan
           (address to be supplemented)

Mr. Brennan may be called to testify as to his employment by Johnson Boat Works, Inc and the work that was performed by him to the boat. Mr. Brennan may also be called to testify as to the hours that he worked to perform the renovation of the boat and the parts that were purchased to renovate the boat.

Mr. Brennan may also be called to testify as to the work that Mr. Johnson completed to the boat and the quality of said work. Mr. Brennan may also be called to testify to the additional work that was requested by Mr. Owens and the terms and conditions of the modifications to the original contract.

    4.    John Armstrong
           66 Carver Lane
           Narragansett, RI 02882

Mr. Armstrong may be called to testify as to the work that he performed on the boat (hereinafter the "Boat"). More specifically, Mr. Armstrong owns Salty Dog Marine and he was hired by Mr. Johnson to help with the installation of the teak on the boat and also to help paint the boat. Mr. Armstrong may also be called to testify as to the hours that he worked to perform the renovation of the boat and the parts that were purchased to renovate the boat.

Mr. Armstrong may also be called to testify as to the work that Mr. Johnson completed to the boat and the quality of said work. Mr. Armstrong may also be called to testify to the additional work that was requested by Mr. Owens and the terms and conditions of the modifications to the original contract. Mr. Armstrong may also be

called to testify as to the hours that he worked to perform the renovation of the boat and the parts that were purchased to renovate the boat.

    5.    Jason Johnson
          91 Armington Street
          Cranston, Rhode Island 02905

Mr. Johnson may be called to testify regarding the verbal threats that were made by Mr. Owens to Mr. Johnson concerning the completion of the renovations to the boat. Mr. Johnson may also be called to testify as to the gentleman that Mr. Owens brought with him when he made said threats.

    6.    Andy Toscados
          (address to be supplemented)

Mr. Toscados may be called to testify regarding the verbal threats that were made by Mr. Owens to Mr. Johnson concerning the completion of the renovations to the boat. Mr. Toscados may also be called to testify as to the gentleman that Mr. Owens brought with him when he made said threats.

    7.    Chester Leone
          (address to be supplemented)

Mr. Leone may be called to testify as to his employment by Johnson Boat Works, Inc and the work that was performed by him to the boat. Mr. Leone may also be called to testify as to the hours that he worked to perform the renovation of the boat and the parts that were purchased to renovate the boat.

Mr. Leone may also be called to testify as to the work that Mr. Johnson completed to the boat and the quality of said work. Mr. Leone may also be called to testify to the additional work that was requested by Mr. Owens and the terms and conditions of the modifications to the original contract.

      8.      The Defendants hereby reserve the right to call, examine, and/or recall any other witness that may be proposed or presented by the Plaintiff or that may be required for the purposes of rebuttal.

(B)      Pursuant to Rule 26(a)(1)(B), Defendants provide copies of the following documents, data compilations and tangible things in the possession, custody or control of the Defendants and that the Defendants may use to support their claims and/or defenses:

**001**:      Letter dated September 10, 2002 from Henry Owens III to Edward Johnson.

**002**:      Johnson Boat Works, Inc. Invoice No. 910 dated December 29, 2003 to Henry Owens in the amount of $167,100.38. *(14 Pages)*

**003**:      Letter dated March 11, 2003 from Beverly Edwards (Falmouth Harbor Marine, Inc.) to Johnson Boat Works, Inc.

**004**:      A canceled check in the amount of $5,000.00 dated September 20, 2004 from Falmouth Harbor Marine, Inc.'s Operating Account made payable to Johnson Boat Works.

**005**:      Kellogg Marine Supply's Invoice No. 03183628 dated March 2, 2004 to Johnson's Boat Works in the amount of $1,208.38. *(2 Pages)*

**006**      Kellogg Marine Supply's Invoice No. 03456488 dated August 31, 2004 to Johnson's Boat Works in the amount of $227.74.

**007**.      Cooper-Lewis Incorporated's Invoice No. 777452 dated April 1, 2004 to Johnson's Boat Works in the amount of $373.48.

**008**.      Invoice No. 67144 dated April 15, 2004 to Johnson's Boat Works in the amount of $2,015.40.

**009**.      Kellogg Marine Supply's Invoice dated June 24, 2004 to Johnson's Boat Works in the amount of $121.43.

**010**.      Composites One, LLC's Invoice No. 3571894 dated June 18, 2004 to Johnson's Boat Works in the amount of $134.72.

**011**.      St. Angelo Hardwood, Inc's Invoice No. 46734 dated June 24, 2004 to Johnson's Boat Works in the amount of $2,518.65.

012.   Saxonville USA's Invoice No. 229161 dated June 25, 2004 to Johnson's Boat Works in the amount of $335.38.

013    Ossco Bolt & Screw Co.'s Invoice No. 200985 dated July 2, 2004 to Johnson's Boat Works in the amount of $7.48.

014    Invoice No. 1035619-0001-01 dated July 2, 2004 to Johnson's Boat Works in the amount of $11.75.

015.   Warwick Industrial Fas' Invoice No. 0084370 dated July 2, 2004 to Johnson's Boat Works in the amount of $15.79.

016.   Cooper-Lewis Incorporated's Invoice dated July 22, 2004 to Johnson's Boat Works in the amount of $38.85.

017.   St. Angelo Hardwood, Inc's Invoice No. 46867 dated July 27, 2004 to Johnson's Boat Works in the amount of $1593.12.

018.   Industrial Supplies' Invoice dated July 26, 2004 to Johnson's Boat Works in the amount of $6.00.

019.   Saxonville USA's Invoice No. 231115 dated August 4, 2004 to Johnson's Boat Works in the amount of $62.76.

020.   J.C.M. Fabricating's Invoice No. 385 dated July 28, 2004 to Johnson Marine in the amount of $1,800.00.

021.   West Marine's Invoice dated August 6, 2004 in the amount of $181.88.

022.   Cooper-Lewis Incorporated's Invoice dated August 11, 2004 to Johnson's Boat Works in the amount of $117.06.
023.   Jamestown Distributors Invoice No. 08L204 dated August 12, 2004 to Johnson Boat Works in the amount of $73.35.

024.   Kellogg Marine Supply's Invoice dated August 6, 2004 to Johnson's Boat Works in the amount of $36.82.

025.   Cooper-Lewis Incorporated's Invoice dated September 7, 2004 to Johnson's Boat Works in the amount of $38.85.

026.   Performance Marine Systems Inc.'s Invoice dated August 30, 2004 to Johnson's Boat Works in the amount of $305.28.

027.   Performance Marine Systems Inc.'s Invoice dated August 22, 2004 to Johnson's Boat Works in the amount of $1852.70.

028.   Jamestown Distributors Invoice No. 082804 dated August 23, 2004 to Johnson Boat Works in the amount of $89.00.

029.   Jamestown Distributors Invoice No. 082004 dated August 20, 2004 to Johnson Boat Works in the amount of $26.10.

030.   Saxonville USA's Invoice No. 090077 dated August 23, 2004 to Johnson's Boat Works in the amount of $68.48.

031.   Kellogg Marine Supply's Invoice dated August 19, 2004 to Johnson's Boat Works in the amount of $341.12.

032.   Northeast House's Invoice No. 3618651 dated August 24, 2004 to Johnson Noat Works in the amount of $103.50.

033.   Cooper-Lewis Incorporated's Invoice dated September 14, 2004 to Johnson's Boat Works in the amount of $97.38.

034.   Saxonville USA's Invoice No. 233117 dated September 14, 2004 to Johnson's Boat Works in the amount of $132.25.

035.   Kellogg Marine Supply's Invoice dated September 7, 2004 to Johnson's Boat Works in the amount of $698.51.

036.   Bosworth Cash Sales' Invoice No. 905463-001 dated September 20, 2004 to Johnson Boatworks in the amount of $59.01.

037.   Performance Marine Systems Inc.'s Invoice dated September 28, 2004 to Johnson's Boat Works in the amount of $127.29.

038.   Kellogg Marine Supply's Invoice dated September 22, 2004 to Johnson's Boat Works in the amount of $143.28.

039.   Kellogg Marine Supply's Invoice dated October 5, 2004 to Johnson's Boat Works in the amount of $414.86.

040.   Kellogg Marine Supply's Invoice dated October 7, 2004 to Johnson's Boat Works in the amount of $168.58.

041.   Performance Marine Systems Inc.'s Invoice dated October 1, 2004 to Johnson's Boat Works in the amount of $371.01.

042.   Mack Boring & Parts Company's Invoice No. 30053129 dated July 8, 2004 to Johnson Boat Works in the amount of $23,388.00.

**043.** Kellogg Marine Supply's Invoice No. 03552432 dated November 4, 2004 to Johnson's Boat Works in the amount of $499.00.

**044.** Kellogg Marine Supply's Invoice No. 003517087 dated October 27, 2004 to Johnson's Boat Works in the amount of $377.86.

**045.** J.J. Gregory & Son Inc.'s Invoice dated November 2, 2004 to Johnson Boat Works in the amount of 171.20.

**046.** Cooper-Lewis Incorporated's Invoice No. 805478 dated October 19, 2004 to Johnson's Boat Works in the amount of $113.26.

**047.** Kellogg Marine Supply's Invoice No. 03517087 dated October 27, 2004 to Johnson's Boat Works in the amount of $47.40.

**048.** Kellogg Marine Supply's Invoice No. 03456488 dated August 31, 2004 to Johnson's Boat Works in the amount of $227.74.

**049.** Weekly time sheets from Johnson Boat Works for work performed on Mr. Owens' boat. *(13 pages)*

**050.** Johnson Boat Works, Inc.'s Original Invoice No. 910 dated December 29, 2003 to Henry Owens in the amount of $96,002.28.

**051.** Johnson Boat Works, Inc.'s Repair Orders for the work performed on Mr. Owen's boat. *(18 pages)*.

**052.** East Marine / North Marine Invoice No. 00249 dated September 9, 2005 to Henry Owens in the amount of $33,973.58. *(7 pages)*.

**053.** Mack Boring & Parts Company's Invoice No. 30051133 dated May 7, 2004 to Johnson Boat Works in the amount of $23388.00. *(2 pages)*.

**054.** One hundred two (102) photographs taken by the Defendants of the Plaintiff's boat. *(3 pages)*.

(C)     Pursuant to Rule 26(a)(1)(C) Defendants provide the following computation of damages claimed by Defendants, making available for inspection and copying as under Rule 34, the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of the injuries suffered:

($85,000.00) = $82,100.38. The dispute between the parties is a result of the numerous change orders made by plaintiff during the course of defendant working on the boat. As the scope of work expanded over time, the original contract was altered in terms of price and the completion date.

Additionally, the Defendants seek punitive damages, reasonable attorney's fees and costs associated with defending this matter as permitted by statute.

(D)  Pursuant to Rule 26(a) (1)(D) Defendants do not have any insurance agreements that are applicable to the matter at hand.

(E)  Pursuant to Rule 26(a)(2)(E), the Defendants have not retained the services of any witnesses who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence. The Defendants reserve the right to supplement said information when they have retained the services of such persons.

**The Defendants reserve the right to supplement any and all of their responses contained herein.**

                  Respectfully submitted,
                  Defendants, Edward Johnson and
                  Johnson Boat Works, Inc.
                  By and through their attorneys,

                  Christian C. Potter
                  Michael J. Lepizzera, Jr.
                  Lepizzera · Laprocina
                  301 Metro Center Blvd. Suite 102
                  Warwick, Rhode Island 02886
                  Tel: (401) 739-7397
                  Fax: (401) 384-6950

## CERTIFICATION

I hereby certify that on the 28th, day of September, 2005, I mailed a true and accurate copy of *the* Defendants' Counterclaim to the following counsel of record:

Raymond Sayeg, Esq.
Denner O'Malley, LLP
Four Longfellow Place, 35th Floor
Boston, MA 02114

10