# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

### CIVIL ACTION NO.:  05-CV-10810 MEL

| | |
|---|---|
| **HENRY F. OWENS III,** | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **EDWARD JOHNSON** | ) |
| **AND JOHNSON'S BOAT** | ) |
| **WORKS, INC.** | ) |
| **Defendants** | ) |

## MEMORANDUM OF LAW IN SUPPORT PLAINTIFF HENRY F. OWENS, III'S MOTION TO STRIKE DEFENDANTS EDWARD JOHNSON'S AND JOHNSON'S BOAT WORK INC.'S DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a) and PLAINTIFF'S OPPOSITON TO DEFENDANTS' MOTION FOR LEAVE TO ADD A COUNTERCLAIM AND EXTEND THE DISCOVERY SCHEDULE

The Plaintiff, Henry F. Owens, III (hereinafter "Owens") hereby submits this Memorandum in Support of Plaintiff's Motion to Strike Defendants' Disclosures Pursuant to Federal Rule of Civil Procedure 26(a) and Plaintiff's Opposition for Leave to Add a Counterclaim and to Extend the Discovery Schedule.  As reasons therefore, the Plaintiff states as follows:

1.    The present litigation was commenced in this Court by Complaint on April 22, 2005.  On May 24, 2005, Attorneys Scott Demello, of Demello and Clark, P.C., 109 Oak Street, Newton, Massachusetts 02464 and Michael J. Lepizzera, Jr., of Lepizzera & Laprocina, 301 Metro Center Blvd, Suite 102, Warwick, Rhode Island,  filed Edward

Johnson and Johnson's Boat Works Inc.'s Answer to Plaintiff's Complaint and Claim for Trial by Jury.  The Answer indicated that Attorney Michael J. Lepizzera, Jr. was "pro hac vice motion pending."

2.      On May 24, 2005, Attorney Demello also filed Defendants' Motion for Leave of Court to permit out-of-state-counsel to practice in this Court and requested that this Court allow Michael J. Lepizzera, Jr. to appear on Defendants' behalf *pro hac vice* pursuant to Local Rule 83.5.3.

3.      In support of Defendants' Motion for Leave to Permit Attorney Lepizzera to practice in this Court, Attorney Lepizzera submitted an Affidavit that "I am familiar with the Local Rules of the United States District Court for the District of Massachusetts."  A copy of Attorney Lepizzera's Affidavit May 20, 2005 is attached hereto as Exhibit "A".

4.      At all times relevant hereto, attorneys Demello and Lepizzera have represented the Defendants since the entry of the Defendants' Answer on May 24, 2005.

5.      Since filing their Answer on or about May 24, 2005, the Defendants have taken no action to challenge personal jurisdiction in this action.

6.      On May 25, 2005, the Court issued a Notice of Scheduling Conference which was scheduled for June 30, 2005 at 2:15 p.m. before this Honorable Court.

7.      On June 21, 2005, and pursuant to Federal Rules of Civil Procedure 26(a) and Local Rule 26.2, counsel for Plaintiff served Plaintiff, Henry F. Owens III's Initial Disclosures and Automatic Discovery upon the Defendants.

8.      The Defendants failed to serve any Initial Disclosures or Automatic Discovery pursuant to Federal Rules of Civil Procedure 26(a) and Local Rule 26.2 prior

to the June 30, 2005 Scheduling Conference.

9.      In addition, Defendants did not file any Motion to Dismiss or otherwise challenge the jurisdiction in this case prior or subsequent to the Scheduling Conference.

10.     On June 21, 2005, counsel for Plaintiff served a draft version of the Parties' Joint Rule 16.3 (A)(3) Statement to Attorney Lepizzera by facsimile at (401) 384-6950 for the Defendants' to complete in preparation for the parties' June 30, 2005 Scheduling Conference.

11.     Counsel for the Defendants' did not respond to the draft Joint Statement, therefore Plaintiff submitted the statement as Plaintiff Henry F. Owens' Rule 16.3 (A)(3) Statement with this Court on June 24, 2005.  In that statement, Plaintiff proposed that all discovery, including Expert Discovery was to be completed by September 28, 2005, that all Dispositive Motions are to be filed by October 28, 2005; all Oppositions to Dispositive Motions are to be filed by November 14, 2005 and Replies if any to Dispositive Motions are to be filed by November 28, 2005.  Further, the parties request that the Court schedule a trial in the matter in January 2006.

12.     The Defendants failed to file either a Rule 16(A)(3) Statement or Rule 16(D)(3) Certification.

13.     On June 30, 2005, counsel for the Plaintiff and Defendants appeared before this Honorable Court for the Scheduling Conference and hearing on the Motion for Return of Property.  Counsel for the Defendants **expressly agreed** to the proposed discovery date, date for Dipositive Motions and request for a trial date in January 2006 and the proposed schedule was approved by this Court. This information is reflected in the Court's Docket Sheet entry dated July 6, 2005.  In addition, the Defendants admit that

they agreed to these disclosure dates, discovery dates and expedited trial date in their

Motion.

14.     Moreover, counsel for the Defendants did not file any Motion to Dismiss

or otherwise contest jurisdiction of this Court at the hearing on June 30, 2005.

15.     Rule 26 of the Federal Rules of Civil Procedure requires that Initial

Disclosures "… **must** be made at or within fourteen (14) days after the Rule 26(F)

Conference unless a different time is set by stipulation or Court Order or unless a party

objects during the Conference that Initial Disclosures are not appropriate in the

circumstances of the action and states the objection in the Rule 26(F) Discovery Plan."

(emphasis added).

16.     Likewise, Local Rule 26.2 provides that "Unless otherwise ordered by the

judge… disclosure required by Fed.R.Civ.P.26(a)(1) should be made as soon as

practicable and in any event **must**  be made at or within fourteen (14) days after the

meeting required by Fed.R.Civ.P.(26)(f) and Local Rule 16.1(B) (emphasis added).

17.     The Defendants failed to provide Automatic Discovery prior to the

Scheduling Conference and did not file any disclosures until the Discovery period

expired on September 28, 2005[1].  Thus, the Defendants, without valid reason or

justification, failed to comply with Rule 26 of the Federal Rules of Civil Procedure and

Local Rule 16.1.

18.     Moreover, Local Rule 26.2(C) provides that "The judicial officer shall not

consider any discovery motion that is not accompanied by a certification, as required by

---

[1] The Defendant did not file disclosures until after the Plaintiff noticed the Deposition of Defendant, Edward Johnson and the Person Most Knowledgeable at Johnson Boat Works, Inc. on September 30, 2005. In addition, Defendants' Disclosures are incomplete.  It is also noteworthy that the Defendants moved for a continuance of the Depositions at 3:00 p.m. the day before the Depositions without advising Plaintiff's counsel that they were filing motions to extend the discovery deadlines.

LR 7.1(A)(2) and LR 37.1(B) that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion." The Defendants have completely failed to comply with these Local Rules as well.  See Affidavit of Raymond Sayeg.

19.    The Defendants have failed to comply with the both the Federal Rules of Civil Procedure and the Local Rules in this District, including but not limited to serving Automatic Disclosures in compliance with Local Rule 26.2, certifying that they have conferred and have attempted in good faith to resolve or narrow the issues in compliance with Local Rule 7.1, or certifying that any disputed issues were not resolved at the discovery conference and that rule has been complied as required by Local Rule 37.1(B).

20.    The Plaintiff submits that Defendants' Motions are also defective and have also failed to comply with the provisions of Local Rule 7.1(B)(1) which requires that Affidavits and other documents setting forth or evidencing facts on which the Motion is based <u>shall</u> be filed with the Motion (emphasis added).  The Defendants have not complied with any of the Local Rules of this District or Rules of the Court failing to file their Automatic Disclosures, Local Rule 16.1 Certification, 16.3(A)(3) Statement and are still not in compliance with the Rules by filing the instant motions without compliance with Local Rule 17.1(B)(1) or Local Rule 37.1(B).

21.    In addition to failing to comply with the Rules of Civil Procedure and the Local Rules, the Defendants' Motions fail to set forth any legitimate substantive reason for allowing the Counterclaim, allowing the untimely Automatic Disclosures, or Extending the Discovery Deadline.   The Defendants have been represented by the same counsel since the Answer was filed in late May, 2005 who agreed to the discovery dates

in this matter.  The Defendants have proffered no legitimate reason for failure to provide

the required disclosures or otherwise prosecute this action, such as newly discovered

evidence which gives rise to a counterclaim.

22.     The Defendants' allegation that they did not add a Counterclaim so as to

waive a lack of personal jurisdiction claim is specious at best.  The Defendants have

taken absolutely no action to contest personal jurisdiction since the case was filed on

April 22, 2005.[2]

23.     "The Judges of this District Court expect the Local Rules to be obeyed,"

and impose sanctions for noncompliance.  United States v. Boubacar Diabate, 90 F. Supp.

2[d] 140 (D. Mass. 2000).  (criminal charges for conspiring to possess and utter forged and

counterfeit checks dismissed without prejudice where Court found that the Local Rules

were violated by the Government).

24.     See also Century Federal Savings v. Raymond G. Lallier, 1988 U.S. Dist.

Lexis 3761 (D. Mass. 1988).  (Government's Motion to Alter or Amend Judgment in

civil case denied where Court found party's pleadings failed to comply with the form

requirements of the Local Rules of this District).  Moreover, Local Rule 1.3 provides that

"Failure to comply with any of the directions or obligations set forth in, or authorized by,

these Local Rules may result in dismissal, default or the imposition of other sanctions as

deemed appropriate by the Judicial Officer."  See, William R. Syrjala v. Total HealthCare

Solutions, Inc., 186 F.R.D. (D. Mass. 1999) (United States Magistrate Judge Collings

ordered Defendant's counsel to pay sanctions where counsel had failed to inquire whether

---

[2] The Plaintiff submits that in addition to Defendants' failure to file disclosures and discovery in this action,
the Defendants have knowingly and intentionally failed to comply with this Court's Order dated July 6,
2005 by failing to return the Plaintiff's personal property as required by this Court's Order.  Plaintiff has
filed a Motion for Contempt which is pending before this Honorable Court.

Defendant's co-counsel and Plaintiff's counsel had conferred on the subject matter in violation of Rule 37.1 and signed an untrue Certification without attempting to determine if the Certification was true or not").

25.     The Plaintiff submits that given the Defendants' repeated and ongoing violations, who have violated both the letter and spirit of the Federal Rules and Local Rules, including the improper filing of the instant motions without appropriate Certifications, the appropriate sanction is to strike the untimely Disclosures and deny the Defendants' request to add a Counterclaim and Extend the Discovery Deadline.

**WHEREFORE**, for the foregoing reasons, the Plaintiff respectfully requests that the Court **STRIKE** Defendants Edward Johnson's and Johnson's Boat Works, Inc.'s Disclosures pursuant to Federal Rule of Civil Procedure (26)(A) and **DENY** Defendants' Motion for Leave to Add a Counterclaim and to Extend the Discovery Schedule.

The Plaintiff respectfully requests a hearing before this Honorable Court on his Motions.

Dated: October 12, 2005                    Respectfully submitted,
                                           HENRY F. OWENS
                                           By his attorneys

                                           **/s/ Raymond Sayeg**
                                           ─────────────────────
                                           Raymond Sayeg BBO#555437
                                           DENNER O'MALLEY, LLP
                                           Four Longfellow Place, 35th Floor
                                           Boston, MA 02114
                                           Tel: (617) 227-2800

UNITED STATES DISTRICT COURT
FIRST DISTRICT OF MASSACHUSETTS

HENRY F. OWENS III          :
      Plaintiff          :
               :
               :
     vs.          :     C.A.No.: 05-10810 MEL
               :
EDWARD JOHNSON  and          :
JOHNSON'S BOAT WORKS, INC. :
      Defendants          :

## AFFIDAVIT OF MICHAEL J. LEPIZZERA, JR.

I, Michael J. Lepizzera, Jr., under oath do depose and state that:

1.     I submit this affidavit in support of my application to appear and practice in this court on behalf of the defendants Edward Johnson and Johnson's Boat Works, Inc. in the above-entitled action.

2.     I am a member of the bar in good standing in every jurisdiction where I have been admitted to practice.

3.     I am a member of the bar in good standing in the State of Rhode Island. *Annexed hereto is a Letter of Good Standing issued by the Clerk of the Rhode Island Supreme Court evidencing my good standing.*

4.     I am not and have not been admitted to practice in any state other than the State of Rhode Island.

5.     I am also a member of the bar in good standing in the United States District Court for the District of Rhode Island.

6.    There are no disciplinary proceedings pending against me as a member of the bar in any jurisdiction.

7.    I am familiar with the Local Rules of the United States District Court for the District of Massachusetts.

Signed and under the pains and penalties of perjury this 20th day of May, 2005.

_Michael J. Lepizzera, Jr._
Michael J. Lepizzera, Jr.

Sworn and subscribed before me on this 20th day of May, 2005.

_Erin Bliss_
Notary Public
My Commission Expires: 6-22-08

**Erin Bliss**
Notary Public
State of Rhode Island
Expires June 22, 2008

RHODE ISLAND SUPREME COURT

Office of the Clerk



Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

### State of Rhode Island and Providence Plantations

## This Certifies

That    Michael J Lepizzera Jr                                    of

Cranston, Rhode Island              is an

## Attorney and Counsellor of the Supreme Court

of the State of Rhode Island, and as such was on the  8th day of
November  A.D. 1993 admitted to practice in all the courts of said
State, as appears of record in this the office of the clerk of the
Supreme Court of said State and is in good standing and qualified
to practice in said Courts. The Supreme Court is the highest Court
in the State.

Given under my hand and the seal of said Supreme

Court at Providence, this _19th_ day of

_May_ , A.D. 20_05_

_Michael _____ Clerk