UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:  05-CV-10810 MEL

_____
**HENRY F. OWENS III,**       )
**Plaintiff**                 )
                              )
**v.**                        )
                              )
**EDWARD JOHNSON**            )
**AND JOHNSON'S BOAT**        )
**WORKS, INC.**               )
**Defendants**                )
_____)

## AFFIDAVIT OF RAYMOND SAYEG

I, Raymond Sayeg, do depose and state the following based upon personal information:

1. I am an attorney at law admitted to practice in the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts and have at all times relative hereto represented the Plaintiff Henry F. Owens, III;

2. The Defendants Edward Johnson and Johnson's Boat Works, Inc. did not provide any Initial Disclosures at or within fourteen (14) days after the meeting required by Fed. R. Civ. P. 26(F) and Local Rule 16.1(B) until September 28, 2005;

3. As I noted in Plaintiff Henry F. Owens, III Rule 16.3(A)(3) Statement, I faxed a Proposed Joint Rule 16.3(A)(3) Statement to counsel for the Defendants on June 21, 2005 and followed up with telephone calls on June 21, 2005, June 22, 2005, and June 23, 2005.  Notwithstanding my efforts, there was no response from the Defendants and

accordingly Plaintiff filed a Rule 16.3(A)(3) Statement without input from the Defendant. Upon information and belief, the Defendants did not file a Rule 16.3(A)(3) Statement with this Court;

    4.    At the Scheduling Conference on June 30, 2005, counsel for the Defendants expressly agreed with the proposed dates for completion of discovery, submission of depositive motions and trial date as contained in Plaintiff Henry F. Owens, III Rule 16.3(A)(3) Statement;

    5.    Between May 23, 2005 and the present, the Defendants have provided no Initial Disclosures, motions or other pleadings contesting personal jurisdiction or requests for discovery from the Defendants;

    6.    In addition, prior to the filing of Defendants' Motion to Add a Counterclaim or Extend the Discovery Deadline, Plaintiff's counsel received no telephone call or correspondence to conference or attempt in good faith to resolve or narrow the issues as required by Local Rule 7.1(A)(2) or 37.1(B);

    7.    Moreover, the Plaintiff submitted his Disclosures in a timely fashion and timely served Notices of Deposition upon Edward Johnson and Deposition of the Person Most Knowledgeable of Johnson Boat's Works, Inc. The day before the Deposition, counsel for the Defendants requested a continuance indicating he had a conflict, and without disclosing he was attempting to extend the discovery deadline.

    SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 12th DAY OF OCTOBER, 2005.

                                          /s/ Raymond Sayeg
                                          _____
                                          RAYMOND SAYEG

Case 1:05-cv-10810-MEL    Document 19    Filed 10/12/2005    Page 3 of 3