UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HENRY F. OWENS III
    Plaintiff

vs.                                  C.A.No.: 05-10810 MEL

EDWARD JOHNSON and
JOHNSON'S BOAT WORKS, INC.
    Defendants

FILED
IN CLERKS OFFICE
2005 OCT 20  P 3: 33
U.S. DISTRICT COURT
DISTRICT OF MASS.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR CONTEMPT

The Plaintiff Henry Owens has filed a motion for contempt claiming the Defendants' failure to comply with a July 6, 2005 order of the Court. The Defendants have filed the instant objection denying Plaintiff's claim for contempt.

The parties met with the Court on **June 30, 2005** at approximately **2:15 pm** on the Plaintiff's motion for the return of his boat. The Defendants were holding the boat in part because of an outstanding bill they claimed plaintiff owed in the amount of $82,100.38.[1] The plaintiff and defendants agreed to have the boat returned to plaintiff in exchange for plaintiff depositing the sum of $25,000.00 in his counsel's escrow account. At the insistence of plaintiff, the parties worked out a boat pick up time of the next day, July 1, 2005.

The Defendants worked diligently to prep the boat for pick up the next day. On July 1, 2005, the Plaintiff appeared at the Defendants' place of business – earlier than

---

[1] These defendants also have filed with this Court a motion for leave to add a counterclaim to collect this outstanding balance.

1

previously scheduled – to pick up his boat. The Plaintiff was at the Defendants' place of business for a couple of hours.[2] While present at the Defendants' place of business, the Plaintiff tried entering into a different contract with the Defendants and he inspected his boat very closely. When the Defendants declined to consummate a new deal, the Plaintiff left and took his boat with him. At no time did the Plaintiff claim he was due any other parts or property. He did not inquire about these alleged parts or property because there was nothing of interest to him.

The Defendants have since searched their shop and located a couple of boxes of literally junk and scraps from the old boat.[3] These are items that the Defendants by chance kept laying around their shop in boxes. Most of these items were items Plaintiff previously instructed Defendants to throw away presumably because they had no value. These items include the following: (1) rotted hinges; (2) Bertram emblems; (3) rotted front light and cleat set[4]; (4) old cushions; (5) old panels and doors that were replaced by Defendants; (6) two rod holders[5]; and (7) light and switch for trim tabs. *Annexed hereto as Exhibit A are three (3) pictures of the subject items.*

---

[2] It is noteworthy to add that the Plaintiff was attempting to hire Defendants to complete the boat for approximately $40,000.00. This $40,000.00 would cover all the additional work needed to be completed and the previous work already completed by the Defendants. In light of the fact that Defendants were claiming some $80,000.00 for work already completed, Defendants declined to enter into a new contract with the Plaintiff. Finally, in light of this exchange on July 1, 2005, it is curious how Plaintiff is seeking to collect approximately $33,000.00 for work he had done to the boat subsequent to picking it up from the Defendants when he was trying to hire and pay Defendants to complete said work. This is very telling as to the Plaintiff's state of mind as to whether or not he thought he owed Defendants any money and whether or not the work he had recently completed was part of the original scope of work. This is exactly why the Defendants need this Court to allow it to file a counterclaim in this matter.

[3] The crux of this case is the scope of the original contract. The defendants literally redesigned and built plaintiff a new boat. This so-called junk and scraps are remnants from the old boat which have no value.

[4] These have no value because the Defendants put new lights and cleats on the boat when it re-designed and rebuilt it for plaintiff.

[5] These are the holders on a boat where you can place your rod.

Notwithstanding, counsel for the defendants has contacted plaintiff's counsel to notify plaintiff that the aforementioned items will be available for pick up at defendants' shop.

The order required defendants to return the boat within a reasonable period of time. The defendants complied by turning the boat over to plaintiff **less than 24 hours** from the parties' appearance in court on June 30, 2005. In fact, the boat was turned over before the Order officially entered with the clerk of the Court.

For all the foregoing reasons, the defendants respectfully request that the plaintiff's motion for contempt be denied.

Respectfully submitted,
Defendants Edward Johnson and
Johnson's Boat Works, Inc.
By and through their Attorneys,

Michael J. Lepizzera, Jr.
Christian C. Potter
Lepizzera & Laprocina
301 Metro Center Blvd. Suite 102
Warwick, RI 02886
Tel: (401) 739-7397
Fax: (401) 384-6950

## CERTIFICATION

I hereby certify that on the 20th, day of October, 2005, I mailed a true and accurate copy of the within to the following counsel of record:

Raymond Sayeg, Esq.
Denner O'Malley, LLP
Four Longfellow Place, 35th Floor
Boston, MA 02114

3





