# E N D O R S E M E N T

HENRY OWENS v. EDWARD JOHNSON and JOHNSON'S BOAT WORKS, INC.
05-CV-10810-MEL

LASKER, D.J.

In response to Henry Owens's ("Owens") claims for breach of contract, conversion, misrepresentation, unjust enrichment, and violation of M.G.L. c.93A with regard to Owens's 1972 Bertram boat, Edward Johnson ("Johnson") and Johnson's Boat Works, Inc. ("JBW") moved on September 28, 2005, the last day of discovery, for leave to add a counterclaim and to extend the discovery schedule.  Johnson has stated that his failure to file earlier was due in part to his unwillingness to relinquish any personal jurisdiction issues, and in part due to defense counsel's preoccupation with more pressing litigation which impeded Johnson's case progression.

In determining whether Johnson's motion for leave to add a counterclaim should be granted, we look to Rule 13 of the Federal Rules of Civil Procedure.  I find that justice here requires that Johnson be able to file his counterclaim.  In support of Johnson's position is his original answer which included the elements of the counterclaim which he now seeks to make.  Owens will not be unduly surprised by the claims which Johnson seeks to assert.  As for the discovery schedule, an extension is a natural and necessary result of the addition of a counterclaim.  Furthermore, Johnson has indicated that further discovery will not be expansive, extending primarily to depositions of both Owens and Johnson.

Given the extended discovery schedule, Owens's motion to strike Johnson's disclosures no longer addresses any inequity which would result from Owens's late disclosure.  Striking Owens's disclosures would only serve to impede the quick and fair resolution of this case.

Lastly, noting my ruling of November 29, 2005 denying Owens's Motion for Contempt, I find that Owens's motion for allowance of attorneys' fees, based largely on Johnson's refusal to deliver Owens's personal property, refers more to counsel's creation of extraneous work than any real inequity resulting from the dispute.

Johnson's Motion for Leave to Add a Counterclaim and to Extend Discovery Schedule is GRANTED; Owens's Motion to Strike

Johnson's Disclosures is DENIED; and Owens's Motion for Allowance
of Counsel Fees is DENIED.

      It is so ordered.


Dated:      December 5, 2005
          Boston, Massachusetts      /s/ Morris E. Lasker
                                  U.S.D.J.