UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HENRY F. OWENS III  :
    Plaintiff  :
                           :
vs.  :   C.A.No.: 05-10810 MEL
                           :
EDWARD JOHNSON and  :
JOHNSON'S BOAT WORKS, INC. :
    Defendants  :

## EDWARD JOHNSON AND JOHNSON'S BOAT WORKS, INC.'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT COUNTERCLAIM AND CLAIM FOR TRIAL BY JURY

Defendants Edward Johnson ("Johnson") and Johnson's Boat Works, Inc. ("JBW")[1] hereby answer the Complaint filed by Plaintiff Henry F. Owens III (Owens) as follows:

### PARTIES

1. The Defendants are without sufficient information or knowledge to form a belief as to the veracity of the allegations contained therein and therefore leaves Owens to his proof.

2. Admit.

3. Admit.

4. The records for the Rhode Island Secretary of State, Corporations Division, speak for themselves. Upon information and belief, JBW's corporate status was and is currently still revoked apparently for failure to file one or more annual reports. The legal consequences concerning such matters as liability of shareholders, officers and

---

[1] Johnson and JBW will also be collectively referred to as the "Defendants" in this joint Answer.

1

directors for corporate debt when the corporate entity ceases to exist is strictly a legal question, not a question of fact. Therefore, no answer is required in response to this statement of law. In the event an answer is required, the Defendants deny the allegations and leave Plaintiff to his proof.

## JURISDICTION AND VENUE

5. Denied.

6. Denied.

## STATEMENT OF FACTS

7. The Defendants admit that JBW initially entered into a contract with Owens to perform a defined and limited amount of work to the Plaintiff's boat.[2] The contract was not consummated in Massachusetts but instead was entered into in Rhode Island. The Defendants do not believe that the contract was entered into in February of 2003. After JBW commenced its initial work on the boat, Plaintiff observed the quality workmanship and was impressed with the work. Owens thereafter changed the scope of work on a number of occasions resulting in continuously evolving list of work to be performed by JBW.

8. The Defendants admit that Johnson is the President of JBW and it is Johnson who entered into the contract with Owens in his capacity as President of JBW. The initial contract changed over time between JBW and Owens on a number of occasions.

9. Owens delivered his boat to JBW in Rhode Island sometime in late 2003. The initial contract was strictly limited to re-powering and painting Owens boat.

---

[2] It should be noted that the scope of work listed in Owen's Complaint is not the original scope of work agreed to by JBW and Owens. As the evidence will show in this case, the scope of work expanded over time which materially altered the original contract in terms of price and the date of completion.

2

Defendants admit that the discussions occurred in Rhode Island and that the contract was formed in Rhode Island. The Defendants further admit that JBW and Owens agreed that the initial contract or scope of work would be completed in April of 2004.

10. The Defendants are unable to ascertain whether or not the document labeled and attached as *Exhibit A* is an invoice that was sent on December 29, 2003.[3] The Defendants admit that Owens tendered JBW a $60,000.00 payment towards the work to be performed. The Defendants deny the remaining allegations and leave plaintiff to his proof.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. The Defendants admit that Owens paid JBW an additional $10,000.00 which sum was to be applied against the contract balance. The Defendants expressly deny the remaining allegations and leave the Plaintiff to his proof.

18. The Defendants admit that Owens paid JBW an additional $5,000.00 which sum was to be applied against the contract balance. The Defendants expressly deny the remaining allegations and leave the Plaintiff to his proof.

---

[3] The Defendants point out that *Exhibit A* is not an authentic or a true and accurate copy of a JBW invoice. This invoice contains self-serving notations presumably made by the plaintiff himself.

3

19. The Defendants admit that Owens paid JBW an additional $10,000.00 which sum was to be applied against the contract balance. The Defendants expressly deny the remaining allegations and leave the Plaintiff to his proof.

20. Owens sent a letter to the Defendants which was received on or about December 15, 2004. The letter attached to the Complaint appears to be the letter received by the Defendants. The Defendants state that the so-called formal demand for relief pursuant to M.G.L. c. 93A, § 9 is ineffectual and not applicable to the transaction at issue here for a number of reasons.[4]

21. Denied. Owens is not due any refund and there is no deposit to return. Owens owes the Defendants a substantial sum of money for JBW to complete and deliver the boat.

**COUNT I**
**BREACH OF CONTRACT**
**(JOHNSON)**

22. The Defendants repeat and re-allege paragraphs 1 through 21 of their Answer as if fully stated herein.

23. Denied.

24. Denied.

25. Denied.

WHEREFORE, Defendants Edward Johnson and Johnson's Boat Works, Inc. hereby demand that judgment enter in their favor on all counts pled by Plaintiff Henry F. Owens, III in his Complaint; that all the relief requested by Plaintiff be denied in its entirety; that the Defendants be awarded all costs and reasonable attorney's fees incurred

---

[4] One such reason as evidenced by the Plaintiff's own Complaint is that this contract was formed in Rhode Island, not the Commonwealth of Massachusetts. Therefore, under the applicable Choice of Law Rules, the law of Rhode Island applies, not the law of Massachusetts.

in defending this action as well as any and all other relief this Court deems just and appropriate.

26. The Defendants repeat and re-allege paragraphs 1 through 25 of their

Answer as if fully stated herein.

## COUNT II
## BREACH OF CONTRACT
## (JBW)

27. The Defendants admit that JBW and Owens entered into an initial contract of painting and re-powering of the subject boat which ultimately evolved over time to a contract where the plaintiff's boat was completely redesigned and rebuilt. Johnson was the authorized representative who acted on behalf of JBW. The Plaintiff did not meet his obligations under the contract.

28. Denied.

29. Denied.

WHEREFORE, Defendants Edward Johnson and Johnson's Boat Works, Inc. hereby demand that judgment enter in their favor on all counts pled by Plaintiff Henry F. Owens, III in his Complaint; that all the relief requested by Plaintiff be denied in its entirety; that the Defendants be awarded all costs and reasonable attorney's fees incurred in defending this action as well as any and all other relief this Court deems just and appropriate.

## COUNT III
## FRAUDULENT INDUCEMENT/MISREPRESENTATION
## (JOHNSON & JBW)

30. The Defendants repeat and re-allege paragraphs 1 through 29 of their

Answer as if fully stated herein.

31. Denied.

32. Denied.

33. Denied.

WHEREFORE, Defendants Edward Johnson and Johnson's Boat Works, Inc. hereby demand that judgment enter in their favor on all counts pled by Plaintiff Henry F. Owens, III in his Complaint; that all the relief requested by Plaintiff be denied in its entirety; that the Defendants be awarded all costs and reasonable attorney's fees incurred in defending this action as well as any and all other relief this Court deems just and appropriate.

### COUNT IV
### VIOLATION OF M.G.L. 93A
### (JOHNSON & JBW)

34. The Defendants repeat and re-allege paragraphs 1 through 33 of their Answer as if fully stated herein.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

WHEREFORE, Defendants Edward Johnson and Johnson's Boat Works, Inc. hereby demand that judgment enter in their favor on all counts pled by Plaintiff Henry F. Owens, III in his Complaint; that all the relief requested by Plaintiff be denied in its

6

entirety; that the Defendants be awarded all costs and reasonable attorney's fees incurred in defending this action as well as any and all other relief this Court deems just and appropriate.

42. The Defendants repeat and re-allege paragraphs 1 through 41 of their Answer as if fully stated herein.

43. Denied.
44. Denied.
45. Denied.

WHEREFORE, Defendants Edward Johnson and Johnson's Boat Works, Inc. hereby demand that judgment enter in their favor on all counts pled by Plaintiff Henry F. Owens, III in his Complaint; that all the relief requested by Plaintiff be denied in its entirety; that the Defendants be awarded all costs and reasonable attorney's fees incurred in defending this action as well as any and all other relief this Court deems just and appropriate.

## COUNT V
## UNJUST ENRICHMENT
## (JOHNSON & JBW)

46. The Defendants repeat and re-allege paragraphs 1 through 45 of their Answer as if fully stated herein.

47. Denied.
48. Denied.

## COUNT VI
## CONVERSION
## (JOHNSON & JBW)

7

WHEREFORE, Defendants Edward Johnson and Johnson's Boat Works, Inc. hereby demand that judgment enter in their favor on all counts pled by Plaintiff Henry F. Owens, III in his Complaint; that all the relief requested by Plaintiff be denied in its entirety; that the Defendants be awarded all costs and reasonable attorney's fees incurred in defending this action as well as any and all other relief this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

1. The Plaintiff fails to state a claim upon which relief can be granted.

2. The Plaintiff's assertion that Massachusetts law applies to this case is erroneous. The law to be applied in this case is the law of Rhode Island.

3. A claim for relief under M.G.L. c. 93A is not applicable here.

4. The Plaintiff is in breach of contract, not the Defendants.

5. The Defendants did not cause Plaintiff to suffer any damages. To the extent Plaintiff suffered damages, he is the sole cause of those damages.

6. Coercion and duress.

7. The Plaintiff has unclean hands.

8. The Plaintiff did not bestow any benefit to Defendants.

9. The subject contract was consummated in Rhode Island and therefore Rhode Island law applies.

10. Venue is not proper in the District of Massachusetts. In the event federal jurisdiction exists in this case, the District of Rhode Island is where venue properly lies.

8

11. The amount in controversy concerning the claims brought by Plaintiff does not reach the statutory threshold.

## COUNTERCLAIM

The Counterclaim-Plaintiffs/Defendants, Edward Johnson and Johnson's Boat Works, Inc., (hereinafter collectively referred to as "JBW"), hereby files its counterclaim against the Counterclaim-Defendant/Plaintiff, Henry Owens III ("Owens") as follows:

### Parties

1. Johnson's Boat Works, Inc. was at one time a duly organized corporation under the laws of the State of Rhode Island, having its principal place of business in the County of Providence, State of Rhode Island. Edward Johnson is a resident of the State of Rhode Island and the sole shareholder and owner of Johnson's Boat Works, Inc.

2. Upon information and belief, defendant Owens is a resident of 51 Gunning Point Avenue, Falmouth, Barnstable County, and Commonwealth of Massachusetts.

### Jurisdiction

3. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332, for the reason of diversity of jurisdiction of citizenship amongst the parties and because the amount in controversy for this counterclaim exclusive of interest and costs exceeds $75,000.00.

9

### Venue

4. Venue is proper in this Court under 28 U.S.C. § 391(b) since the Owens is situated in this District.

### Statement of Facts

5. Owens hired JBW to perform certain restoration work on the defendant's boat at JBW's place of business in Cranston, Rhode Island which included but was not limited to installing a motor and drive and painting Owens' boat.

6. Owens transported the boat to JBW in Cranston, Rhode Island and JBW performed the work in Cranston, Rhode Island.

7. Subsequent to entering into the original agreement with JBW, Owens substantially changed the scope of work to be performed by JBW by requesting that JBW perform a significant amount of additional work that included but was not limited to the complete rebuilding/restoration of the interior of Owens' boat.

8. Pursuant to the agreement, as modified by Owens, Owens agreed to pay JBW the total sum of $167,100.38 for the restoration and remedial work performed by JBW.

9. Owens has paid JBW the sum of $85,000.00 for the work and services rendered by JBW leaving a balance of $85,100.38 due and owing pursuant to the terms of the agreement.

10. JBW has made demand upon Owens to remit the balance of $85,100.38 but to no avail. Owens has ignored JBW's request for payment.

11. JBW conferred a substantial benefit upon Owens which included but was not limited to the installation of new engines, painting the boat and completely rebuilding/restoring the boat at substantial expense to JBW.

12. Owens has accepted and retained the benefit conferred upon him by JBW.

13. It would be completely inequitable if Owens was permitted to retain the benefit provided by JBW without having to compensate JBW.

14. Owens has failed, refused and/or neglected to pay the entire balance owed to JBW.

15. Owens has no good faith basis for withholding payment to JBW for its labor, services and materials.

16. JBW performed the work based on Owens' representation that he would pay JBW not only the amount of the original agreement but that he would also compensate JBW for the additional work that Owens requested and that JBW performed.

17. Owens has failed, refused and/or neglected to compensate Counterclaim-Plaintiff in accordance with their agreement.

18. JBW has been economically harmed insofar as JBW has expended a substantial amount of money for labor, services and materials on behalf of Owens without receiving adequate compensation.

## Count I
### (Breach of Contract on the part of Henry Owens)

19. JBW reincorporates and realleges paragraphs 1 through 18 of the Counterclaim as if fully set forth herein.

20. The facts set forth above constitute a breach of contract by Owens.

11

21. JBW has been damaged in an amount to be proven at the time of trial.

22. Owens is liable to JBW for the amount of its damages caused by Owens' breach of contract.

WHEREFORE, JBW respectfully requests that judgment enter against Owens in its favor awarding JBW compensatory damages, prejudgment and post judgment interest, litigation costs, reasonable attorney's fees and such other and further relief as this Court deems just and fair.

## Count II
### (Quantum Meruit)

23. JBW reincorporates and realleges paragraphs 1 through 22 of the Counterclaim as if fully set forth herein.

24. JBW provided labor, materials and services to Owens having a fair and reasonable value of $167,100.38 with the expectation that Owens would pay JBW the sum of $167,100.38.

25. Owens accepted the labor, materials and services but he has only paid JBW the sum of $85,000.00 leaving a balance due of $85,100.38.

26. Owens owes JBW the sum of $85,100.38 and is liable to JBW for said amount in quantum meruit.

WHEREFORE, JBW respectfully requests that judgment be entered against Owens in its favor awarding JBW the fair market value of the labor, materials and services it provided plus prejudgment and post judgment interest, litigation costs, reasonable attorney's fees and such other and further relief as this Court deems just and fair.

12

### Count III
### (Unjust Enrichment)

27. JBW reincorporates and realleges paragraphs 1 through 26 of the Counterclaim as if fully set forth herein.

28. The facts set forth above establish that Owens has been unjustly enriched to the detriment of JBW.

WHEREFORE, JBW respectfully requests that judgment be entered against Owens in its favor awarding JBW the fair market value of the benefit it conferred upon Owens plus statutory interest, litigation costs, reasonable attorney's fees and other and further relief as this Court deems just and fair.

### Count IV
### (R.I.G.L. § 9-1-45 Attorney's Fees)

29. JBW reincorporates and realleges paragraphs 1 through 28 of the Counterclaim as if fully set forth herein.

30. Rhode Island law permits an award of reasonable attorney's when there is a complete absence of justiciable issues of fact or law in a contract dispute. R.I.G.L. § 9-1-45.

31. Owens has no defense to this action and JBW has made all reasonable efforts to collect this case without the need for litigation.

32. JBW is entitled to an award of reasonable attorney's fees pursuant to R.I.G.L. § 9-1-45 in an amount to be determined at a later date.

13

WHEREFORE, JBW respectfully requests that judgment be entered against Owens in its favor awarding plaintiff reasonable attorney's fees incurred to prosecute this action and such other and further relief as this Court deems just and fair.

**THE DEFENDANTS/COUNTECLAIM PLAINTIFFS JBW AND JOHNSON DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,
Defendants, Edward Johnson and
Johnson Boat Works, Inc.
By and through their attorneys,

/s/
Scott K. DeMello (BBO#566981)
Lepizzera · Laprocina
980 Washington Street, Suite 218
Dedham, MA 02026
Tel: (781) 329-0300
Fax: (781) 329-0388
sdemello@lldlawyers.com

/s/
Michael J. Lepizzera, Jr.
*(Admitted Pro Hac Vice)*
Lepizzera · Laprocina
301 Metro Center Blvd. Suite 102
Warwick, Rhode Island 02886
Tel: (401) 739-7397
Fax: (401) 384-6950

**CERTIFICATION**

I hereby certify that on the 9th day of December, 2005, I electronically filed this Counterclaim with service by e-mail to Plaintiff/Defendant in Counterclaim's Counsel pursuant to the CM/ECF system

/s/
Scott K. DeMello

14