UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-CV-10810 MEL

_____
**HENRY F. OWENS III,**       )
**Plaintiff**                 )
                              )
**v.**                        )
                              )
**EDWARD JOHNSON**            )
**AND JOHNSON'S BOAT**        )
**WORKS, INC.**               )
**Defendants**                )
_____)

## HENRY F. OWENS' ANSWER TO COUNTERCLAIM OF EDWARD JOHNSON AND JOHNSON'S BOAT WORKS, INC.

The Plaintiff/Defendant in Counterclaim, Henry F. Owens, III, hereby files his Answer to the Counterclaim of Edward Johnson and Johnson's Boat Works, Inc. as follows:

1. The Plaintiff/Defendant in Counterclaim is without knowledge to form a belief as to the truth of the allegations contained in this paragraph and calls upon the Defendants/Plaintiffs in Counterclaim to prove same.

2. Admitted.

3. Paragraph 3 of the Counterclaim states a legal conclusion to which no response is required.

4. Paragraph 4 of the Counterclaim states a legal conclusion to which no response is required.

5. The Plaintiff/Defendant in Counterclaim admits it hired Edward Johnson and Johnson's Boat Works, Inc. to perform certain restoration work on his boat, however denies the remaining allegations contained in Paragraph 5 of the Counterclaim.

6. The Plaintiff/Defendant in Counterclaim admits the boat was transported

       to Cranston, Rhode Island and is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 6 and calls upon Defendants/Plaintiffs in Counterclaim to prove same.

7. The Plaintiff/Defendant in Counterclaim admits the scope of work was modified, however denies the remaining allegations contained in Paragraph 7 of the Counterclaim.

8. Denied.

9. The Plaintiff/Defendant in Counterclaim has paid the Defendants Edward Johnson and Johnson's Boat Works, Inc. the sum of Eighty Five Thousand Dollars ($85,000.00) and denies the remaining allegations contained in Paragraph 9 of the Counterclaim.

10. The Plaintiff/Defendant in Counterclaim answers that the Defendants Edward Johnson and Johnson's Boat Works, Inc. only made demand for an increased amount after the Plaintiff alleged that the Defendants had breached the contract with the Plaintiff.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. The Plaintiff/Defendant in Counterclaim repeats and incorporates herein by reference his Answers to Paragraphs 1-18 of the Counterclaim as if fully set forth herein.

20. Denied.

21. Denied.

22. Denied.

WHEREFORE, Owens respectfully requests that the Court dismiss Count I of the Counterclaim in favor of Owens, and award litigation costs, reasonable attorney's fees and such other and further relief as this Court deems just and fair.

23. The Plaintiff/Defendant in Counterclaim repeats and incorporates herein by reference his Answers to Paragraphs 1-22 of the Counterclaim as if fully set forth herein.
24. Denied.
25. Denied.
26. Denied.

WHEREFORE, Owens respectfully requests that the Court dismiss Count II of the Counterclaim in favor of Owens, and award litigation costs, reasonable attorney's fees and such other and further relief as this Court deems just and fair.

27. The Plaintiff/Defendant in Counterclaim repeats and incorporates herein by reference his Answers to Paragraphs 1-26 of the Counterclaim as if fully set forth herein.
28. Denied.

WHEREFORE, Owens respectfully requests that the Court dismiss Count III of the Counterclaim in favor of Owens, and award litigation costs, reasonable attorney's fees and such other and further relief as this Court deems just and fair.

29. The Plaintiff/Defendant in Counterclaim repeats and incorporates herein by reference his Answers to Paragraphs 1-28 of the Counterclaim as if fully set forth herein.
30. The allegations contained in Paragraph 30 are legal conclusions to which no response is required.  Further answering, Owens moves to dismiss Count IV of the Counterclaim which relies upon Rhode Island Law, because the contract at issue was negotiated in the Commonwealth of

        Massachusetts, which is the substantive law to be applied to the case.

31.    Denied.

32.    Denied.

WHEREFORE, Owens respectfully requests that the Court dismiss Count IV of the Counterclaim in favor of Owens, and award litigation costs, reasonable attorney's fees and such other and further relief as this Court deems just and fair.

### AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE NO. 1

The transaction sought to be enforced by the Defendants/Plaintiffs in Counterclaim is a contract, and the Defendants/Plaintiffs in Counterclaim and/or their agents have breached the Implied Covenant of Good Faith and Fair Dealing, and have acted in bad faith, thus causing the Plaintiff/Defendant in Counterclaim harm in providing the Plaintiff/Defendant in Counterclaim with either an offset or set off against claims asserted by the Plaintiffs in Counterclaim.

### AFFIRMATIVE DEFENSE NO. 2

The Defendants/Plaintiffs in Counterclaim because of their own conduct or because of the acts or conduct of their agents are estopped from asserting a claim.

### AFFIRMATIVE DEFENSE NO. 3

The Defendants/Plaintiffs in Counterclaim by their conduct, have waived their right to payment.

### AFFIRMATIVE DEFENSE NO. 4

The Defendants/Plaintiffs in Counterclaim are barred from recovery because the Plaintiff/Defendant in Counterclaim damages exceeds those which the Defendants/Plaintiffs in Counterclaim allege.

### AFFIRMATIVE DEFENSE NO. 5

The Defendants/Plaintiffs in Counterclaim are barred from recovery because they failed to mitigate their damages.

## AFFIRMATIVE DEFENSE NO. 6

The Defendants/Plaintiffs in Counterclaim claims are barred by the applicable Statute of Limitations.

## AFFIRMATIVE DEFENSE NO. 7

The Defendants/Plaintiffs in Counterclaim are barred by the Statute of Frauds.

## AFFIRMATIVE DEFENSE NO. 8

The Counterclaim fails to state a claim upon which relief may be granted.

## AFFIRMATIVE DEFENSE NO. 9

The Defendants/Plaintiffs in Counterclaim claims are barred by the doctrine of laches.

## AFFIRMATIVE DEFENSE NO. 10

The Defendants/Plaintiffs in Counterclaim are barred from recovery because they breached the contract at issue in this action.

**THE PLAINTIFF/DEFENDANT IN COUNTERCLAIM HENRY F. OWENS, III DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated: January 10, 2006

Respectfully submitted,
HENRY F. OWENS III
By his attorneys,

*/s/ Raymond Sayeg*

_____
Raymond Sayeg BBO#555437
DENNER ASSOCIATES, P.C.
Four Longfellow Place, 35th Floor
Boston, MA 02114
Tel: (617) 742-1184